MIKE SYLCORD, Appellant, v. GEORGE HORN, Appellee.

MASTER AND SERVANT: Workmen's Compensation Act—"Farm
1  Laborers."   An employee assisting in the operation of a corn
   shredder on a farm is a "laborer engaged in agricultural pur-
   suits," and therefore not within the operation of the Work-
   men's Compensation Act.  Sec. 2477-m, Code Supp., 1913.

MASTER AND SERVANT: Workmen's Compensation Act—Refusal
2  to Insure Liability—Effect.   Whether the mere act of an employ-
   er in refusing to insure or secure his liability constitutes a re-
   jection of the Workmen's Compensation Act, *quaere.*

APPEAL AND ERROR: Harmless Error—More Specific Statements.
3  A farm laborer, and consequently one not within the operation
   of the Workmen's Compensation Act, may not complain, in an
   action to recover for his injury, that he was compelled to make
   his petition more specific by alleging (a) whether defendant
   was negligent, and whether such negligence was the proximate
   cause of the injury, and (b) whether plaintiff himself was free
   from contributory negligence.

PLEADING: Form and Allegations in General—Conclusions—"In-
4  dependent" Contractors.   A general, sweeping allegation that
   one was an "independent" contractor is a conclusion.

MASTER AND SERVANT: Workmen's Compensation Act—Farm
5  Laborers—Independent Contractor—Effect.   One engaged in
   agricultural pursuits is none the less so engaged because in the
   employ of an independent contractor.

*Appeal from Grinnell Superior Court.*—P. G. NORRIS, Judge.

THURSDAY, APRIL 5, 1917.

APPEAL by plaintiff from an order of the lower court
in sustaining defendant's motion to strike certain parts of
plaintiff's amended petition, and in sustaining defendant's
motion for a more specific statement.—*Affirmed.*

*Ross R. Mowry, Harold L. Beyer* and *M. R. Hammer,
Jr.,* for appellant.

*J. H. Patton,* for appellee.

PRESTON, J.—There was a motion to strike parts of the original petition and for more specific statement, which was sustained in part and overruled in part, and thereafter an amendment to petition was filed, and defendant filed a demurrer to the petition as amended, setting up twenty grounds or more, and the demurrer was sustained. Thereafter, a substituted petition was filed, and it is conceded by both sides that the only questions presented on this appeal are in regard to the rulings of the trial court on defendant's motion to strike certain parts of the substituted petition, and on the motion for more specific statement.

1. MASTER AND SERVANT: Workmen's Compensation Act: "farm laborers."

The substance of the allegations in the substituted petition are that, about November 13, 1914, defendant was the owner of a certain corn shredder and other appurtenances thereto belonging, and was engaged as an independent contractor in the business of operating said corn shredding machine for profit; that, while the defendant was engaged in operating said corn shredder for one Swaney on said Swaney's farm in Poweshiek County, Iowa, the plaintiff, while in the employ of the defendant and engaged in operating said shredder, was injured by his hand's being caught therein, and the thumb of his right hand was cut and his hand was otherwise injured; that the plaintiff, at the time he received the injury, was operating said shredder under the immediate direction of the defendant, and in the presence of the defendant; that, as a result of said injury, plaintiff's right hand was seriously and permanently injured, and he has suffered intense pain and anguish, both physical and mental, and has been, and will be, partially incapacitated for work; that he has incurred expense for medicine, nursing and for physician; that at the time of the injury he was an able-bodied man, engaged in the occupation of an engineer and general laborer, receiv-

ing on an average $18 per week, as compensation for his labor; that said injury was not intentional on the part of plaintiff, or the result of intoxication on his part. The damages claimed are particularly set out. It is then alleged:

"That the defendant, at the time of the accident to the plaintiff resulting in the injury of the plaintiff, had not insured his liability, under Chapter 147 of the Laws of the Thirty-fifth General Assembly of the state of Iowa, in any corporation, association or organization approved by the state department to such insurance department satisfactory to the insurance department and Iowa Industrial Commissioner of his solvency and financial ability to pay the compensation and benefits as by such act provided, and to make such payments to the parties entitled thereto; nor had the defendant deposited with such insurance department and the Iowa Industrial Commissioner security satisfactory to such insurance department and the Iowa Industrial Commissioner as would secure the payment of such compensation."

He asks damages in the sum of $10,000.

Defendant moved to strike that part of the petition in which it was alleged that defendant was an independent contractor, and for profit, but this was overruled. The defendant also moved to strike that part of the petition alleging that defendant had not insured his liability under Chapter 147 of the Acts of the Thirty-fifth General Assembly, and that he had not deposited security with the insurance department, for the reason that the same is immaterial and redundant matter and surplusage, it appearing on the face of the substituted petition that plaintiff, at the time the alleged injuries were sustained, was a laborer engaged in an agricultural pursuit, and within the exception of Sec. 1, Chap. 147, Acts Thirty-fifth General Assem-

bly (Sec. 2477-m, Code Supp., 1913). This ground of the motion was sustained.

As a part of the motion, appellee moved for a more specific statement, upon the following grounds, among others: (3) Let him be required to state whether or not negligence in the premises by the defendant was the proximate cause of the alleged injury to plaintiff, and, if he alleges that it was, let him be required to state in what respect or particular and in what manner the defendant was negligent in the premises. (4) Let him be required to state whether or not the plaintiff was free from contributory negligence. These two grounds of the motion were sustained. It will be observed that it is not alleged in the petition that defendant was guilty of negligence, nor that plaintiff was free from contributory negligence. It is not claimed by appellant that the allegations of his petition would entitle him to recover as for negligence at common law. But he does claim that he has brought himself within the Workmen's Compensation Act, while defendant's contention is that plaintiff is within the exception contained in the Act, which provides:

"* * * But this act shall not apply to any household or domestic servant, farm or other laborer engaged in agricultural pursuits," etc.

It does not appear from the record, but seems to be conceded in argument, that neither the employer nor the employee had given notice of an election to accept or reject the terms of the Compensation Act; that appellee, as an employer of labor, did not give notice in writing to his employees of an election not to provide, secure and pay compensation under said act to employees for injuries sustained arising out of and in course of the employment, by posting said notice or by filing same with the Industrial Commissioner.

Incidentally, the issue is raised, and
2. MASTER AND    there is some argument upon the point, as
SERVANT:
Workmen's        to whether or not appellee rejected the
Compensation
Act: refusal     Workmen's Compensation Act by failing to
to insure
liability:       insure his liability thereunder or by failing
effect.
to deposit security, and thus brought him-
self within the provisions of said Workmen's Compensation
Act. Appellant contends that appellee, not having insured
his liability as required by the provisions of the Employ-
ers' Liability and Workmen's Compensation Act, as con-
tained in Sec. 2477-m41, Code Supp., 1913, was liable in
the instant case for the injury of appellant, under Part 1 of
the act, to the same extent as though he had rejected the
provisions of the act. And the inquiry, as appellee puts
it, is whether, by such failure or omission, he rejected the
act, and whether he is, by reason thereof, deprived of the
common-law defenses of assumption of risk, contributory
negligence, etc. It is said in argument that, if this ques-
tion has not already been raised and decided, the opinion
of this court upon this phase of the matter will doubtless
be helpful to the profession as a whole in dealing with the
Workmen's Compensation Act in the future. But, as we
shall see in a moment, we think the question is not in the
case, and it will be time enough to decide the point when
it is properly raised, and we have argument upon that point.
It is doubtful whether the question is raised by the plead-
ings, but, if it is, the argument is limited to two questions,
and they are, whether the rights of the parties are affected
by the claim that defendant was an independent contractor,
and whether or not plaintiff was engaged in agricultural
pursuits, and thus comes within the exception to the stat-
ute. If the fact that defendant, as between himself and
Swaney, was an independent contractor is not material,
then the question presented is narrowed still further to the

one question as to whether or not plaintiff was engaged in agricultural pursuits.

One of the assignments of error is that the lower court erred in striking from appellant's substituted petition the paragraph averring that the appellee had not insured his liability under the Employers' Liability and Workmen's Compensation Act, for the reason that the appellee, in operating the corn shredder as an independent contractor for profit, was not engaged in agricultural pursuits. In support of this, they cite Secs. 2477-m and 2477-m41, Code Supp., 1913; *Hunter v. Colfax Consolidated Coal Co.,* 175 Iowa 245. They put it another way, and they concede in argument that:

"If the appellee, in operating said corn shredder, was engaged in agricultural pursuits, and the appellant was employed by appellee as a farm or other laborer engaged in agricultural pursuits, then the trial court was right in sustaining appellee's motion to strike and for more specific statement. If not, the lower court was in error."

Appellee makes substantially the same concession. He contends that appellant, at the time his alleged injuries were sustained, was a laborer engaged in an agricultural pursuit, and he sustained said injuries while engaged in an agricultural pursuit as a farm laborer, and that the other points must stand or fall with this, and that, if this point is sustained, then the rulings of the lower court as to the other points are correct.

Before taking up these two points, it should be said that, in the assignment of errors, appellant complains that the court erred in sustaining the motion for more specific statement, requiring plaintiff to state whether defendant's negligence was the proximate cause of the injury, and to state the manner in which appellee was negligent, and in requiring plaintiff to state whether he was free from con-

tributory negligence. He calls attention again to Sec. 2477-m, which provides, among other things:

"In actions by an employee against an employer for personal injury sustained arising out of and in the course of the employment where the employer has elected to reject the provisions of this act, it shall be presumed that the injury to the employee was the direct result and growing out of the negligence of the employer; and that such negligence was the proximate cause of the injury; and in such cases the burden of proof shall rest upon the employer to rebut the presumption of negligence."

3. APPEAL AND ERROR: harmless error: more specific statements.

We do not quite understand the theory of the trial court as to the rulings on the motion for more specific statement. It may be that the parties were themselves in doubt as to how to proceed under this new law. But if the ruling of the court on the motion for more specific statement is erroneous, it is without prejudice to plaintiff, if the holding here is against his contention on the two points relied upon, which have been before stated. If the trial court was of opinion that defendant was within the exception to the statute because a farm laborer, it would have been proper for the court to require plaintiff to allege negligence of the defendant, and that plaintiff was free from contributory negligence, if plaintiff was seeking to recover at common law independently of the statute—but such was not the case. If, as we hold, plaintiff comes within the exception to the statute, no prejudice could result to him from the ruling sustaining the motion to make the petition more specific, because plaintiff could not recover under the Compensation Act; and this is so whether defendant had rejected the provisions of the act or not. If plaintiff should now seek to recover independently of the act, it would be necessary that he allege negligence of the defendant and his own freedom from contributory negligence; so that, in

either event, the ruling at this point is without prejudice.
We shall now take up the two points relied upon.   No au-
thorities are cited by either side on these points, except the
statutes before set out and the *Hunter* case.

1.  As to plaintiff's claim that the de-
**4. PLEADING: form in general: conclusions: and allegations "independent" contractors.** fendant was an independent contractor,
we think the petition pleads only a conclu-
sion that defendant was an independent con-
tractor.  An independent contractor has
been defined or described as one who, exercising an inde-
pendent employment, contracts to do work according to his
own method, without being subject to the control of his
employer except as to the result of the work.  *Bodwell v.
Webster,* (Neb.) 154 N. W. 229.

The facts as stated in the petition do not show that the
defendant was an independent contractor within this defi-
nition, but, as said, it is stated as a general conclusion that
he was such.  But this point is not made by appellee, so
that we should not, perhaps, consider the question.  We
think that, under the circumstances of this case, it is not
material that, as between the defendant and Swaney, de-
fendant was an independent contractor.  If defendant was
seeking to recover from Swaney, then the question might
be material as bearing on the question as to whether, being
an independent contractor, he was a laborer or employee.
Or, if plaintiff was seeking to recover from Swaney, the
question as to whether defendant, Horn, was an indepen-
dent contractor might be material on the question as to
whether plaintiff was an employee of Swaney's.   Even
though defendant, Horn, was an independent contractor as
between himself and Swaney, defendant, Horn, could be en-
gaged in an agricultural pursuit, and, if so, plaintiff, Horn's
employee, could be so engaged.   It appears to us that it is
not so much a question as to the relations between defend-
ant, Horn, and Swaney, as it is between plaintiff and the

defendant; that is, whether the relation of master and servant, or employer and employee, existed. As stated, plaintiff alleges that he was in the employ of defendant. If he was an independent contractor, such relation would, of course, not exist. There is no claim, as between plaintiff and defendant, that plaintiff is an independent contractor. It is alleged in the petition and admitted by the demurrer that, at the time of the injury complained of, plaintiff was in the employ of defendant, engaged in the occupation of an engineer and general laborer, receiving on an average $18 per week as compensation for his labor. The question is whether plaintiff, the injured party, was an independent contractor. It has been held that the term "workman" does not include an independent contractor for work wherever done, and that the injured party was not an independent contractor, in a case where many of the elements of the relation appeared, but the employers specially agreed to compensate such person in case of injury by accident. Boyd, Workmen's Compensation, Sec. 444.

Without further discussion of this question, the following cases may be cited as having a bearing upon the question in regard to independent contractors: See note to *Rayner v. Sligh Furniture Co.*, L. R. A. 1916 A, 22, at page 118; *Thompson v. Twiss*, L. R. A. 1916 E, 506; *Tuttle v. Embury-Martin Lbr. Co.*, (Mich.) 158 N. W. 875.

2. This brings us to the other question relied upon,—and really the only question 5. MASTER AND SERVANT: Workmen's Compensation Act: farm laborers: independent contractor: effect. in the case,—and that is whether plaintiff was a "farm or other laborer engaged in agricultural pursuits." If so, he is within the exception contained in Sec. 2477-m, Code Supp., 1913, and not within the Compensation Act. It seems to us it is hardly a debatable question. No authorities are cited by either party on this point. The petition alleges that, at the time of his injury, he was engaged as

an engineer and laborer in defendant's employ, operating a piece of farm machinery, a corn shredder. In 2 Corpus Juris 982, and Century Dictionary, we find this definition of agricultural: "Pertaining to, connected with, or engaged in agriculture." We also find, at page 988, 2 Corpus Juris, that "the term agriculture has been defined to be the 'art or science of cultivating the ground, especially in fields or large quantities, including the preparation of the soil, the planting of seeds, the raising and harvesting of crops, and the rearing, feeding and management of live stock; tillage, husbandry, and farming.'"

In the last citation, the note cites *Dillard v. Webb,* 55 Ala. 468, 474, where it is held, as to the comprehensiveness of the term "agriculture:"

"The variety of products of the earth, of agricultural implements and of domestic animals, invited and put on exhibition at agricultural fairs, attests the comprehensiveness of the term 'agriculture.' It refers to the field, or farm, with all its wants, appointments, and products, as horticulture refers to the garden, with its less important, though varied, products."

The note also cites *Simons v. Lovell,* 7 Heisk. (Tenn.) 510, 516, as holding:

"It is equivalent to husbandry, and husbandry, Webster defines to be the business of a farmer, comprehending agriculture or tillage of the ground, the raising, managing, and fattening of cattle and other domestic animals, the management of the dairy and whatever the land produces."

In *Shafer v. Parke, Davis & Co.,* (Mich.) 159 N. W. 304, it was held that the employee of a company manufacturing drugs, serums, and other pharmaceutical preparations, and maintaining a farm and stock, in the preparation of serums, but from which it sold surplus grains, etc., who was employed on the farm to perform ordinary farm labor,

and was injured by being kicked by a horse, was a farm laborer, within the Workmen's Compensation Act.

There can be no doubt that shredding corn is a part of carrying on a farm. Swaney could have employed defendant to plow a 40-acre field, and defendant could have employed plaintiff to assist him. The fact that defendant may have agreed to plow the entire field by contract would not change the character of the work, and both he and his assistant would still be engaged in farming operations.

It is our conclusion that, under the allegations of the petition as it now stands, plaintiff has not brought himself within the Compensation Act, but that he is a farm laborer or other laborer engaged in agricultural pursuits, and within the exception of Sec. 2477-m. This being so, it is not material to his rights that defendant failed to insure his liability or deposit security, and the trial court properly sustained defendant's motion to strike that part of the. petition. Since plaintiff does not come within the Compensation Act, he may wish to amend and seek to recover as for negligence at common law, and in that case it will be necessary that he allege the matters which the trial court required him to allege as to defendant's negligence and plaintiff's freedom from contributory negligence.

It is our conclusion that the case ought to be, and it is,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.