## STATE EX REL. JOHN BYKLE v. DISTRICT COURT OF WATONWAN COUNTY AND ANOTHER.[1]

June 28, 1918.

No. 20,931.

**Workmen's Compensation Act — farm laborer.**

> An employee of one who owns a steam thresher and threshes grain for farmers under contract, is, while employed about the threshing machine in the course of threshing grain upon a farm, a "farm laborer" and is excepted from the operation of the Compensation Act.

Upon the relation of John Bykle the supreme court granted its writ of certiorari directed to the district court of Watonwan county and the clerk thereof to review the action of that court, Comstock, J., in proceedings brought by relator under the Workmen's Compensation Act against Wolford Mero and another. Affirmed.

*Herbert T. Park,* for appellant.

*C. J. Eide,* for respondent.

HALLAM, J.

Defendant Joseph Mero owned a steam thresher. Defendant Wolford Mero, his brother, operated it. They went about the country threshing grain for farmers as the owners and operators of steam threshers usually do. There were 7 men in the crew. Plaintiff was employed as "separator man." Wolford was not always on the work and during his absence plaintiff was in charge. It was his duty to keep the machine running, to save the grain and "to repair anything that went wrong with the machine that he could." Repairs were made "at odd hours," at noon hours, and on rainy days, when this could be done, "so as not to lay up the machine and stop the work during working hours." "A good many times those needed repairs were made * * * before or after starting the machine in the morning or evening." Plaintiff was never expressly authorized to do this repair work before starting time in the morning.

[1]Reported in 168 N. W. 130.

One afternoon, while threshing for a farmer, the straw blower became out of order. Either Wolford or plaintiff was able to fix it with the use of a few bolts. Wolford tells what passed between them as follows: "Mr. Bykle came to me and said that he had to have some bolts to fix the blower with and I says all right we will go and see what sized bolts it will take to fix it with and so we went to the side of the machine and looked at the blower, and I says to him, 'I have to go to town anyway to get some meat to take home, and I will get the bolts and when I come in the morning I will fix the blower.'" Work usually started in the morning at 6 o'clock or earlier. Wolford did get the bolts and returned at 6:10 in the morning. In the meantime plaintiff had procured bolts from the farmer and with the help of the farmer's hired man made the repair before 6 o'clock in the morning. As he was about to leave the work he made a misstep and fell from the deck of the separator and was injured. He asks compensation under the Compensation Act. The court denied him relief.

We entertain no doubt that under the facts as testified to by defendant, plaintiff was injured by an accident "arising out of and in the course of his employment" as those words are used in the first section of the Compensation Act. G. S. 1913, § 8195. The doubtful question arises over the construction of the eighth section (G. S. 1913, § 8202), which provides that the act shall not apply to "farm laborers."

In White v. Loades, 178 App. Div. 236, 164 N. Y. Supp. 1023, it was held that a man who is traveling through the country with a machine, stopping from place to place to thresh grain and beans for farmers for a compensation, is not engaged in farming and his employees are not farm laborers within the Workmen's Compensation Law of New York.

On the other hand, it was held in Slycord v. Horn (Iowa) 162 N. W. 249, that a man going about the country with a corn shredder shredding corn for farmers under contract, is doing farm work and his employees are farm laborers. We know of no other pertinent decisions.

We think the better rule is to hold that plaintiff is a "farm laborer." The fact that plaintiff was not in the employ of the owner of the farm is not controlling. The important question is, what is the nature of the work. The work is done upon a farm. It is done upon farm crops. The purpose of growing the crops is to provide food for consumption or mar-

ket. Threshing is as necessary in order that the farmer may consume or market the crop as is sowing or harvest. Surely, the man who, years ago, threshed grain with a flail, was doing farm labor, as much as the man who cradled the grain. So is the man who, now, threshes beans with a flail. The fact that more complicated mechanical devices are used in this case does not change the character of the work. Much farm work is done by the use of complicated machinery. There are tractor plows, self-binders and even combination harvester-threshers by means of which harvesting and threshing are done as one operation. These and other operations may be done for. others by one who is able to own the more complicated and expensive machinery. But it is all, nevertheless, farm work and the employee who does such work is a "farm laborer" within the meaning of the Compensation Act.

Any other rule would be impractical and would lead to discriminations that could not be tolerated. This case illustrates it. Suppose the farmer's hired man who was helping plaintiff had also fallen. Both were doing the same work. Surely the hired man was then a "farm laborer." It cannot be said that one was a "farm laborer" and the other was not.

We conclude that plaintiff was a "farm laborer" and by the exception contained in section 8202 is excluded from the operation of the act.

Judgment affirmed.