## JOSEPH L. BOYER v. JOHN H. BOYER AND ANOTHER.[1]

November 29, 1929.

No. 27,476.

*Mark & Barron,* for relator.

*J. F. Boyles,* for respondent employer and Maryland Casualty Company, his insurer.

HOLT, J.

Certiorari to review a decision of the industrial commission denying relator compensation.

There is no dispute as to the facts. The employer of relator lived with his parents upon a farm but did not own or operate a farm. He owned a threshing machine, a cornshredder, a silo cutter and filler, and two tractors. During the summer and fall of 1928 his business was threshing, clover hulling, cornshredding and silo filling. He characterized his business as that of a commercial thresher. He employed relator August 1, 1928, and the employment continued up to the time of the accident wherein relator was injured. The last of the threshing was finished in the morning of October 29, 1928,

[1]Reported in 227 N. W. 661.

and immediately on the same day relator was sent to a farm where the employer had secured a job of silo filling, and during that afternoon, in the operation of the machine, relator's left hand accidentally got caught in the cutter resulting in the maiming of two fingers. Most of relator's work during the period of service had been as a thresher, but whenever the employer obtained a job of silo filling he would send relator out with the proper machine to do it. The job upon which relator was injured was the tenth which he had done that season. The employer took silo filling jobs at the price of three dollars per hour for the machine and operator.

The referee concluded that relator was entitled to compensation. On appeal the commission found that for some time prior to October 29, 1928, the employer of relator was engaged in the business of commercial thresherman and relator was employed therein, but that said work of commercial thresherman terminated on the morning of the last mentioned day, and the employer thereafter engaged in the business of filling a silo, at the agreed price of three dollars per hour for the use of the filler and one operator, relator. The accidental injury already stated was found to have arisen out of and in the course of relator's employment in operating the silo filler. As conclusion of law the commission held that relator was a farm laborer at the time of the injury, and compensation was denied, one commissioner dissenting.

Relator's employer was not a farmer. He was a commercial thresherman, cornshedder and silo filler, taking contracts from farmers to do that sort of work. The decision in State ex rel. Bykle v. District Court, 140 Minn. 398, 168 N. W. 130, L. R. A. 1918F, 198, no doubt prompted the legislature (L. 1923, p. 87, c. 91) to narrow the exception excluding farm laborers from the benefits of the workmen's compensation law by adding subd. (m) to § 4326, G. S. 1923 (1 Mason, 1927, § 4326). The part thereof here pertinent reads:

"(m) The term 'farm laborers' shall not include the employes of commercial threshermen or of commercial balers. Commercial threshermen and commercial balers are hereby defined to be persons going about from place to place threshing grain, shredding or shell-

ing corn, or baling hay or straw, respectively, as a business; * * *."

From this definition it is seen that the employes of commercial threshermen are not farm laborers within the meaning of the act. Relator was the employe of a commercial thresherman. The employer so designates himself, and the evidence is conclusive that that was his business and that relator on the morning of the very day of the accident worked as a thresher. It is also to be noted that the employer here by merely ceasing the work of threshing did not withdraw his employes from the compensation act under the definition above given. He was a contractor, going from place to place "threshing grain, shredding or shelling corn" as a business. He owned and operated a shredder, and we may take notice of the fact that the season for operating cornshredders is not through by October 29. In our opinion relator was not a farm laborer at the time of his accidental injury, since his employer was in a business which excluded the employes from that designation.

The decision of the industrial commission is set aside, and the cause remanded with direction to award compensation. Fifty dollars attorney's fees in this court may be taxed in favor of relator.