[File No. 6390.]

## LEWIS LOWE, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(264 N. W. 837, — A.L.R. —.)

Opinion filed January 20, 1936.

*P. O. Sathre,* Attorney General, and *Milton K. Higgins,* Assistant Attorney General, for appellant.

*Bangs, Hamilton & Bangs,* for respondent.

BURR, J. The plaintiff was employed by the owner of a combine who had contracted to harvest and thresh the crops of a farmer. It is evident the cutting and threshing were all one process because of the machine used. While so working the plaintiff was injured and now seeks to recover compensation from the workmen's compensation fund.

This matter is before us on demurrer to the complaint and requires the construction of the term "hazardous employment" as defined in 369a2 of the Supplement, wherein those "employed in agriculture" are excepted from the hazardous employments governed by the workmen's compensation act. The trial court overruled the demurrer and defendant appeals.

It is admitted that if plaintiff was injured while "employed in agriculture," as contemplated by the workmen's compensation act, he has no claim against the fund.

The purpose of the workmen's compensation act, chapter 162 of the Laws of 1919 and amendments thereof, (§ 396a1 et seq. of Supp.), is to provide sure and certain relief, regardless of questions of fault, for all workmen injured in hazardous employments, etc. (§ 1 of the act). For the purpose of this act, however, one employed in "agriculture" is not considered as being employed in such "hazardous employment" as is defined by the act.

The term "agriculture" is defined by Webster as "The art or science of cultivating the ground and raising and harvesting crops,—tillage; husbandry; farming; in a broader sense the science and art of the production of plants and animals useful to man including to a variable

extent the preparation of these products for man's use and their disposal by marketing or otherwise." See also similar definitions in Century and Standard Dictionaries.

In Dillard v. Webb, 55 Ala. 468, 474, the court said the term "agriculture" included the "raising and harvesting of crops" and "refers to the field, or farm, with all its wants, appointments, and products."

One may be employed in agriculture and yet not be a "farmer" in the ordinary sense of the term, nor even a "farm laborer" as the term is used in our lien laws. They are not synonymous terms. The term "agriculture" is broader than either of the others.

The expression "employed in agriculture" refers to the type of work that is done rather than to the form of the contract for the work. As shown in State ex rel. Bykle v. District Ct. 140 Minn. 398, 168 N. W. 130, L.R.A.1918F, 198, "The important question is: What is the nature of the work? The work is done upon a farm. It is done upon farm crops. . . . Threshing is as necessary in order that the farmer may consume or market the crop as is sowing or harvest." Hence the Minnesota Court holds that "An employee of one who owns a steam thresher and threshes grain for farmers under contract, is, while employed about the threshing machine in the course of threshing grain upon a farm, a 'farm laborer' . . ." In any event, it must be clear the employee in that case was employed in agriculture. If a farmer threshes his own grain and employs men for that purpose, these men are employed in agriculture. They are engaged in harvesting crops. The crops are not fully harvested until they are ready for the farmer's market. The fact the farmer may thresh for a neighbor or engage in what is called "commercial threshing" does not alter the work his employees are doing. They are harvesting crops even if doing it under special contract. Hence that the thresher in that case was what is known as a "commercial thresher," or one doing the threshing under an independent contract is immaterial—all are employed in the business, profession, or pursuit known as agriculture,—and the policy of the law is to exclude such from the benefits of the law.

Section 1 of the workmen's compensation act clearly intends to furnish relief for all workmen engaged in hazardous employments, and were it not for the exemption, those employed in agriculture would be

covered. The exception is to be construed strictly; but even with this in mind, it must be clear that the man who plows a field and sows a crop is engaged in agriculture whether he does it for himself, or as an employee of the owner, or on an independent contract. See Sylcord v. Horn, 179 Iowa, 936, 162 N. W. 249, 253, 7 A.L.R. 1285, 16 N. C. C. A. 592.

The Texas Court of Civil Appeals in Hill v. Georgia Casualty Co. — Tex. —, 45 S. W. (2d) 566, goes so far as to hold that a nursery laborer is a laborer engaged in agriculture, as "one engaged in the nursery business is engaged in an agricultural pursuit . . ."

Our construction is well sustained by authority. The workmen's compensation act of Idaho excepts "agricultural pursuits" from the provisions of its law and in Cook v. Massey, 38 Idaho, 264, 220 P. 1088, 35 A.L.R. 200, it is held that the operation of a commercial threshing machine outfit for the purpose of threshing grain is an agricultural pursuit. The decision is exhaustive and well considered. See also Sylcord v. Horn, supra, where an employee of the owner of a corn shredder who contracted with a farmer to do such work was held to be a farm laborer engaged in agricultural work, even though his employer was an independent contractor.

The plaintiff relies upon such decisions as: Industrial Commission v. Shadowen, 68 Colo. 69, 187 P. 926, 13 A.L.R. 952; Re Boyer, 65 Ind. App. 408, 117 N. E. 507; Dowery v. State, 84 Ind. App. 37, 149 N. E. 922; Roush v. Heffelbower, 225 Mich. 664, 196 N. W. 185, 35 A.L.R. 196; White v. Loades, 178 App. Div. 236, 164 N. Y. S. 1023; Nace v. Industrial Commission, 217 Wis. 267, 258 N. W. 781. An examination of the statutes involved in these cases shows a much more limited range for the exception. The Wisconsin statute expressly excludes farm laborers; as do the Colorado, Indiana, and Michigan statutes. Almost invariably it is the "farm laborer" who is excepted. But one may be employed in agriculture, and yet not be a "farm laborer" though the Iowa decision already cited makes little, if any, distinction. "Employed in agriculture" is the term used in our statute.

In the Colorado case cited it is shown clearly that the Colorado law excepts "farm and ranch laborers" only and the court distinguished the Iowa case (Sylcord v. Horn) by showing that in Iowa the exception

covers those "engaged in agricultural pursuits," a much broader term, and thus the court accounts for the difference in the decisions.

In the Indiana case (65 Ind. App. 408, 117 N. E. 507) it is shown that the compensation act does not "apply to casual laborers, to farm or agricultural laborers, etc." It is true in that case it is held that a separator man on a commercial threshing outfit was not a "farm or agricultural laborer;" but to so hold the court was required to state that "Wheat threshing is a business or industrial pursuit in and of itself, entirely separate and independent of farming." (117 N. E. pp. 507, 508). This statement carries its refutation within itself. But in Dowery v. State, 84 Ind. App. 37, 149 N. E. 922, the court says that "Some statements in the reasoning of the court in that opinion are not in harmony with this opinion. Such statements are disapproved." However, it does not specify these "statements."

The Michigan case cited shows that it is not all employed in agriculture who are excepted but only "farm laborers" and the term "farm laborer" is ordinarily synonymous with the term "hired man."

The New York case cited is to the same effect—the day laborer on a commercial threshing machine was in the employ of one not engaged in farming and was not a farm laborer. In addition, the New York law authorized compensation to one engaged in the "operation of a vehicle," and as the claimant was employed in working and moving the machine from place to place and while so moving it was injured, he could recover.

In the Wisconsin case cited the employer was a farmer engaged in shredding his neighbor's corn in exchange for the use of the neighbor's threshing machine and while shredding such corn his employee was injured. The court held that such employee was a farm laborer. In this case the Wisconsin court very pertinently states "Decisions of other courts in compensation cases are ordinarily not helpful because of differences between the languages of the acts involved and our act." This observation is applicable to the case at bar.

It may be true that one employed on a farm may at times be subject to greater hazard than the stenographer in the office; but the legislature of this State has seen fit to exclude those employed in agriculture. That men employed by a farmer to drive his mules or thresh his grain may be

subjected to real hazard is an argument to be addressed to the legislature.

It is argued that if one engaged in commercial threshing can be said to be employed in agriculture, what about the miller who grinds the wheat, the elevator agent who ships it, or the carpenter who builds the granary? None of these is engaged in agriculture as herein defined. The term does not include what may be done with the products of the farm after they are gathered any more than it includes the butcher who slaughters the animals raised. The line is drawn strictly in accordance with the definition of the term "employed in agriculture;" but within that range it must be given the ordinary and usual meaning.

In view of the foregoing, the order overruling the demurrer is reversed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.