**DAMUTZ v. WILLIAM PINCHBECK, Inc.**

No. 102, Docket 20352.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1946.

James F. Rosen, of New Haven, Conn., for plaintiff-appellant.

George C. Conway, of Guilford, Conn., for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

## PER CURIAM.

The plaintiff was employed by the defendant to fire the boilers used in its wholesale floral business at Guilford, Conn. Steam from these boilers supplies the heat for two greenhouses and is also used to sterilize the soil in which the plants are grown indoors. The plaintiff, who brought this suit to recover compensation for overtime alleged to be due him under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201, ff, is concededly entitled to recover unless he is, as the defendant contends an exempt employee under § 13(a) (6). This section expressly provides that those portions of the act upon which the appellant bases his right to be paid overtime compensation "Shall not apply with respect to * * * any employee engaged in agriculture." In § 3(f) agriculture is defined for the purpose of this statute to include "* * * farming in all its branches and among other things * * * the cultivation and tillage of the soil, * * * the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities * * * including preparation for market, delivery to storage or to market or to carriers for transportation to market."

■ The defendant produces in its greenhouses cut flowers, principally roses, which are grown on plants that the defendant buys from others when they are small and then transplants. The plants are grown to maturity under cultivation by the defendant and flowers are then cut from them for a period of years before they are discarded. Such a production of cut flowers is clearly the production of a horticultural commodity and the fact that the plaintiff starts with seedlings instead of seed is immaterial. As the steam, produced in part by the work of the plaintiff, is needed to supply the heat and sterilize the soil used in growing the flowers, he is engaged in the production of a horticultural commodity and is, consequently, an agricultural employee excluded from the coverage of the Act. Walling v. Rocklin, 8 Cir., 132 F.2d 3. See also, The Administrators Interpretative Bulletin, No. 14, p. 6, par. 5(d) and p. 10, par. 12.

■ Although this exemption provision in a remedial statute should be construed strictly, it should, of course, be given due effect. It is drawn in far reaching language which shows the intent of Congress to make the term "agriculture" cover much more than what might be called ordinary farming activity and that is what now controls. Differing definitions of "agriculture" in other statutes but indicate different Congressional methods in dealing with other matters and cannot serve to narrow the scope of this one.

Though it was shown that a small part of the defendant's business, less than one-half of one per cent, had been the marketing on a commission basis of cut flowers obtained from another grower in Guilford, Conn., that business was rightly disregarded both under the de minimis doctrine and also because it was not shown to have been interstate.

Affirmed.