**Ben DOST, Plaintiff-Respondent,**

v.

**PEVELY DAIRY COMPANY, a Corporation, Defendant-Appellant.**

No. 44244.

Supreme Court of Missouri.

Division No. 1.

Nov. 8, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 13, 1954.

David V. Campbell, Fred B. Whalen, St. Louis, E. C. Hartman, St. Louis, of counsel, for defendant-appellant.

Boedeker & Weil and Wayne C. Smith, Jr., Clayton, for respondent. :

HYDE, Judge.

Action for damages for personal injuries. Plaintiff had verdict for $25,000 but made a remittitur of $8,000 on the Court's order. A final judgment of $17,000 was entered from which defendant has appealed.

Plaintiff was injured by falling about 16 feet when a scaffold board broke while he was walking across it during his work of painting a water tank. One of defendant's defenses was that the Workmen's Compensation Act was applicable to determine the rights of the parties so that plaintiff could not maintain a common law action. See McKay v. Delico Meat Products Co., 351 Mo. 876, 174 S.W.2d 149. Plaintiff contends that his employment was "farm labor" excepted by Sec. 287.090. Statutory references are to RSMo and V.A.M.S. It was admitted that defendant had not filed an acceptance of the Work-

men's Compensation Act to cover farm employees. Therefore, the essential question to be decided is whether plaintiff's employment was "farm labor."

Defendant had ten greenhouses on its farm in St. Louis County with a boiler room, pumphouse, water tower, shop and other buildings including homes in which some of the employees lived. The greenhouses were used to grow roses which were sold to wholesale dealers in St. Louis. Plaintiff had been employed for about five years to fire the boiler used to maintain the desired temperature in the greenhouses and also to heat the homes and other buildings. Plaintiff lived in one of the homes on the premises. During the summer months plaintiff did general maintenance work on the buildings, mostly painting, but which also included working on a water softener and some pipe fitting. He had occasionally helped to put some new dirt in the greenhouses and had done some pruning of the rose plants but there was a special crew to do inside greenhouse work. At the time of his injury he was painting the tank of the water tower. At one time there had been a dairy herd on the farm, but for several years only beef cattle had been kept there. Plaintiff did no work in connection with the cattle or in raising, harvesting or caring for crops. Ten to fifteen men worked in the greenhouses, the minimum being ten, and there was a superintendent of the greenhouse operations.

Plaintiff relies mainly on Plemmons v. Pevely Dairy Co., Mo.App., 233 S.W.2d 426; Cloughly v. Equity Mutual Ins. Co., Mo.Sup., 243 S.W.2d 961; McCaleb v. Greer, Mo.App., 267 S.W.2d 54; Damutz v. William Pinchbeck, Inc., 2 Cir., 158 F.2d 882, 170 A.L.R. 1246. In the Plemmons case the employee for whose death claim was made, was gored by a bull when defendant was maintaining a dairy herd on this same farm. However, the employee's work was " 'in the care and breeding of the cows on the farm, particularly the care of the dry cows, care of such cows when calving; care of the calves, in barns and fields,

the mixing of feed and the feeding of dry cows and calves.' " [233 S.W.2d 427.] This was properly held to be farm labor. The Court reviewed many cases from other states to show the applicable principles. The Cloughly case did not involve a construction of our Workmen's Compensation Act but was based on the construction of a provision of an insurance policy, which insured against loss not covered by the Act as well as liability under it. This was a very broad provision including " 'all operations necessary, incident or appurtenant' " to the insured's business operations described (covering repairs and alterations on his farms among other things) " 'whether such operations are conducted at the work places defined and described [the farms] * * * or elsewhere in connection with, or in relation to, such work places.' " [243 S.W.2d 962.] This case is not helpful in construing the provision of our Workmen's Compensation Act herein involved.

In McCaleb v. Greer, supra, the employer in St. Louis owned a farm in Dent County. Livestock was kept on the farm but no one lived on it. Claimant, who also lived in St. Louis and did other work there, would come out every week bringing feed for the stock, and other supplies and material, and would stay over night in the house on the farm. He employed local help to feed the stock, build fences and do other work. He supervised what they did and would look after the stock. He was injured while crossing a field to see the hogs and cattle. He was held to be engaged in farm labor at the time of his injury. The Court correctly stated the rule to be followed was " ' "Whether a laborer is or is not a farm employee is determined from the character of the work he is required to perform" ' ", and not from the general occupation or business of the employer; and that "The controlling principle in this case must be, was claimant engaged in doing such acts at the time of his injury that are usually performed in the operation of farms?" [267 S.W.2d 62.] This certainly was a different state of facts than the situation presented in this case and is not controlling as

to whether greenhouse maintenance work and boiler firing is "farm labor". The Damutz case, supra [158 F.2d 883], concerning greenhouse employees, was under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. which excepted " 'any employee engaged in agriculture.' " That Act contained a definition of agriculture which the opinion states covers "much more than what might be called ordinary farming activity". Therefore, this case is not authority for determining the meaning of the term "farm labor" as used in our Workmen's Compensation Act.

■ In St. Louis Rose Co. v. Unemployment Compensation Commission, 348 Mo. 1153, 159 S.W.2d 249, 250, we held that the term "agricultural labor" as used to except such employment in the Unemployment Compensation Law was broad enough to include greenhouse employees in this exception, refusing to follow the Commission's ruling to the contrary. However, we said: "But agriculture is more comprehensive than farming: In its broader sense it applies as well to horticulture in a garden or nursery. Hill v. Georgia Casualty Co., Tex.Com.App., 45 S.W.2d 566; Bucher v. American Fruit Growers' Co., 107 Pa. Super. 399, 163 A. 33. The Supreme Court of North Dakota * * * said: 'One may be employed in agriculture and yet not be a "farmer" in the ordinary sense of the term, nor even a "farm laborer" as the term is used in our lien laws. They are not synonymous terms. The term "agriculture" is broader than either of the others.' Lowe v. North Dakota Workmen's Compensation Bureau, 66 N.D. 246, 264 N.W. 837, 838, 107 A.L.R. 973. * * * In order to sustain the commission's contention it would be necessary for us to substitute the term 'farm labor', a narrower classification, for 'agricultural labor' or to write into the law that only such agricultural labor as is performed on a farm is exempt." See also Carstens Packing Co. v. Industrial Accident Board, 63 Idaho 613, 123 P.2d 1001, 1003, where it is said: "The term 'agricultural labor' is much broader, and more comprehensive than is the term 'farm labor.' "

Our Legislature has used the narrower classification "farm labor" in the Workmen's Compensation Act instead of the more inclusive term "agricultural labor" and we must assume that it did not mean to exclude from its benefits all of those who could be included in a broad construction of the broader term. Sec. 287.800 states that the provisions of the Workmen's Compensation Act shall be liberally construed with a view to the public welfare. This has been interpreted to mean that the Act should be construed "with a liberality calculated to effectuate its purpose and so as to extend its benefits to the largest possible class and restrict those excluded to the smallest possible class." Hilse v. Cameron, Joyce Construction Co., Mo.App., 194 S.W.2d 760, 765; Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 128 S.W.2d 1046. While it might help plaintiff herein to uphold his right to judgment in this case on the ground that he is excluded from the Act, we would, by doing so, deprive a great many more greenhouse workers of any compensation for injuries in cases where they could not show actionable negligence of their employers. To do this would be to disregard the policy of our Act and principles of construction stated in it. It is our view that our Legislature meant to use the term "farm labor" in its ordinary and customary usage and did not intend to exclude from the benefits of the Workmen's Compensation Act all of those who could be included in the broadest scope of the term "agriculture." We think this intent appears from the restricted wording of Sec. 287.090 and from the Workmen's Compensation Act considered as a whole.

There seems to be considerable conflict in the cases as shown in annotations in 7 A.L.R. 1296, 13 A.L.R. 955, 35 A.L.R. 208, 43 A.L.R. 954, 107 A.L.R. 977, 140 A.L.R. 399. However, to a great extent, this is due to the different wording of the various statutes involved, some using broader terms than others. It has been said: " 'Decisions of other courts in compensation cases are ordinarily not helpful because of differences between the language of the acts involved and our act.' " Lowe v. North Da-

kota Workmen's Compensation Bureau, 66 N.D. 246, 264 N.W. 837, 839, 107 A.L.R. 973. However, cases based on statutes using the term "farm labor" or "farm laborers", which are in general accord with our construction are Industrial Commission v. Shadowen, 68 Colo. 69, 187 P. 926, 13 A.L.R. 952; Utica Mutual Ins. Co. v. Winters, 77 Ga.App. 550, 48 S.E.2d 918; In re Boyer, 65 Ind.App. 408, 117 N.E. 507; Heffner v. White, 113 Ind.App. 296, 45 N. E.2d 342; Roush v. Heffelbower, 225 Mich. 664, 196 N.W. 185, 35 A.L.R. 196; Carroll v. General Necessities Corp., 233 Mich. 541, 207 N.W. 831; Minor Walton Bean Co. v. Michigan Unemployment Compensation Comm., 308 Mich. 636, 14 N.W.2d 524; Hiestand v. Ristau, 135 Neb. 881, 284 N.W. 756; White v. Loades, 178 App.Div. 236, 164 N.Y.S. 1023; Adams v. Ross, 230 App.Div. 216, 243 N.Y.S. 464; Tucker v. Newman, 217 Minn. 473, 14 N.W.2d 767; Cedarburg Fox Farms v. Industrial Comm., 241 Wis. 604, 6 N.W.2d 687, 689. In the latter case, the Court approved a definition of "farm laborer" as " 'only those persons employed on a farm in customary types of farm work or employed and paid directly by a farmer in transporting his raw produce' ". The Court said: "Thus the Commission rightly endeavored to define the term 'farm laborer' by reference to its customary and ordinary usage; and attempted to distinguish the common and ordinary significance of the terms 'farm' and 'farm labor' from the specialized meanings thereof when, in exceptional and rare instances, the use of the word 'farm' is extended to embrace such areas as a worm, rattle snake, crocodile or even oyster farm. These instances clearly are not within the common and ordinary usage of the term 'farm'." Certainly it is also true that customary and ordinary usage does not consider a greenhouse to be a farm, or greenhouse operations as farming or greenhouse work as farm labor.

In Hein v. Ludwig, 118 Pa.Super. 152, 179 A. 917, 918, the Court, holding that even the broader term "agriculture" did not include greenhouse operations under the Act, distinguished these operations, as follows: "The operation of such greenhouses is more akin to industry than to agriculture. They produce under artificial conditions; while the raising of crops, the growing of fruit, and other similar agricultural activities are under natural conditions. They may be erected and operated practically anywhere a factory can be erected and operated. Such an enterprise is not one of those agricultural activities consisting of, or directly related, to the cultivation of the ground in the sense of husbandry. The fact that plants and flowers raised therein are products of the soil is not controlling, but rather that this is done under artificial conditions in a commercial plant. It is our opinion that the business of the defendant does not come within the term 'agriculture' as used in the supplement to the Workmen's Compensation Act, supra, and that the claimant, who operated these greenhouses as an employee of the defendant, was not an agricultural worker". The reasoning of this case has been approved in Dye v. McIntyre Floral Co., 176 Tenn. 527, 144 S.W.2d 752 and Furrow & Co. v. Miller, 188 Okl. 199, 107 P.2d 193. We think it certainly is applicable to the distinction between greenhouse operations and farming and to "farm labor" as used in our Workmen's Compensation Act.

█ We must hold as a matter of law that plaintiff's work did not fall within the exception of "farm labor". Therefore, plaintiff failed to prove a common law case and his rights must be determined under the Workmen's Compensation Act.

The judgment is reversed.

All concur.