# Matis et al. *v.* Schaeffer, Appellant.

*Workmen's compensation—Sunstroke — Agricultural laborers— Act of June 3, 1915, P. L. 777.*

1. One who receives a sunstroke while engaged in his employment, is entitled to relief under the Workmen's Compensation Act.

2. A person employed for other purposes, but incidentally performing agricultural work at the request of his employer, is not an "agricultural worker" within the meaning of the Act of June 3, 1915, P. L. 777.

*Constitutional law—Construction of act—Title part of act.*

3. Under article III, section 3, of the Constitution of this State, which requires the subject of an act to be "clearly expressed in its title," the title is a part of the act and must be considered in determining its scope.

Argued March 7, 1921.    Appeal, No. 121, Jan. T., 1921, by defendant, from judgment of C. P. Northampton Co., April T., 1920, No. 19, affirming decision of Workmen's Compensation Board which reversed ruling of referee disallowing claim, in case of Mary Matis et al. v. J. E. Schaeffer.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.    Affirmed.

Appeal from decision of Workmen's Compensation Board allowing compensation.    Before McKEEN, J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board: See 29 Pa. Dist. R. 992; 17 Northampton Co. R. 224.    Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. W. Smithers,* with him *Robert A. Stotz* and *C. Donald Swartz,* for appellant.

*William D. Schneller,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 28, 1921:

Defendant resides and carries on the retail coal business in the borough of Northampton, Pennsylvania, and also leases a small farm therein on which he raises hay and grain for consumption by the horses used by him in the coal business.    Plaintiff's husband was employed by defendant as a laborer in the coal yard, but, at times, when business was dull, he was temporarily sent to the farm to assist those working there.    Under these circumstances he was at the farm pitching oats from a wagon, when he had a sunstroke which caused his death the same night.

Plaintiff, as his widow, presented a claim petition to the Workmen's Compensation Board, which, after a hearing, made an award in her favor; this was affirmed

by the court below, and from its judgment defendant appeals, raising two questions: (1st) Was decedent in the course of his employment at the time he received the sunstroke? Not much stress is laid upon this, and indeed but little could be, for he was at that time and place doing the work which defendant, as his employer, sent him to do.   (2d) .Was he "engaged in......agriculture" within the meaning of the Act of June 3, 1915, P. L. 777, which provides that the Workmen's Compensation Act shall not "apply to or in any way affect any person who, at the time of injury, is engaged in domestic service or agriculture." The board and court below held that this applied to the general character of the contract of hiring only, and did not refer to other casual or incidental work performed at the request of the employer.   We think this conclusion is correct; especially as the title of the act is "A Supplement to an Act entitled 'The Workmen's Compensation Act of 1915,' to exempt domestic servants and agricultural workers from the provisions thereof." This title must be taken into consideration in determining the scope of the act (Penna. R. R. Co. v. Riblet, 66 Pa. 164; Com. v. Lloyd, 2 Pa. Superior Ct. 6, affirmed on its opinion in 178 Pa. 308); no other conclusion being possible under article III, section 3, of the Constitution of the State, which provides that "No bill except general appropriation bills shall be passed containing more than one subject which shall be *clearly* expressed in its title": Provident Life and Trust Company v. Hammond, 230 Pa. 407.   It would require a distortion of the plain meaning of the words, to call decedent an "agricultural worker" merely because he happened to be doing work which "agricultural workers" ordinarily do.   We need only add that the Workmen's Compensation Act covers cases of injury or death from sunstroke: Lane v. Horn & Hardart Baking Co., 261 Pa. 329.

The judgment of the court below is affirmed.