Bucher, Appellant, *v.* American Fruit Growers Co.

Argued September 29, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*John P. Butt,* for appellant, cited: Kelley v. D. L. & W. R. R. Co., 270 Pa. 428; Smith v. State Workmen's Ins. Fund, 262 Pa. 286; McColligan v. Pa. R. R. Co., 214 Pa. 229.

*W. C. Sheely* of *Keith & Sheely,* and with him *Herman & Harris,* for appellee, cited: Maxwell v. Lancaster, 81 Wash. 602; Smith v. Waple, 7 W. C. B. 236; Tobin v. City of Wilkes-Barre, 16 D. & C. 397.

OPINION BY CUNNINGHAM, J., November 21, 1932:

In this workmen's compensation case the referee made an award but it was reversed by the board; the court below, upon claimant's appeal to it, dismissed his exceptions and, in effect, entered judgment in favor of the employer; from that judgment we now have this appeal by claimant.

Undisputed facts appearing from the testimony before the referee were that in the latter part of 1928 a verbal contract was entered into between Daniel M. Bucher, the claimant, and American Fruit Growers Company under which he was employed to haul barreled apples in his truck from its farm to Aspers station, a shipping point; during a period of five weeks, claimant helped to load barrels of apples upon his truck at defendant's packing shed, hauled them to the station, aided in placing them in railway cars and occasionally assisted in "running apples" into the barrels at the packing house.

On October 30, 1928, Bucher hauled a truck load from defendant's packing house to Aspers station; after leaving there and while driving his empty truck along a road, described in the testimony as "leading from Bendersville to Aspers," to the point at which another road, running from Biglerville to Gardners,

intersects the road upon which he was traveling, a collision occurred between claimant's truck and an automobile which approached from his right; claimant's truck was overturned and he suffered injuries resulting in the amputation of a part of his right foot.

There was a conflict in the testimony relative to claimant's wages. He testified he was to receive the sum of $15 per day for himself and the use of his truck, out of which he was to pay the cost of its operation. Defendant's superintendent said claimant was to be paid at the rate of ''one cent and a half per bushel and four [increased later to five] cents per barrel'' and thirty-five cents per hour for ''running apples'' at the packing shed.

The referee's finding of fact upon this disputed point was that claimant's maximum weekly wage was $23.08 and compensation was awarded upon that basis. Under the conclusions we have reached neither the matter of wages nor the extent of disability is material.

The principal defense interposed was that claimant was engaged in agriculture at the time of the injury and therefore excluded, by the supplement of June 3, 1915, P. L. 777, from the protection of our Workmen's Compensation Act.

Two subsidiary defenses were also suggested; (a) that claimant was an independent contractor, and (b) that the injury was not sustained while claimant was ''actually engaged in the furtherance of the business or affairs of the employer.''

The referee made no specific findings but his award of compensation necessarily negatives all three defenses. The board based the reversal of the award solely upon its conclusion that fruit growing is agriculture and that claimant was ''engaged in ...... agriculture'' at the time of his injury.

The learned writer of the opinion in the court below, McPherson, P. J., considered all the questions raised

before the compensation authorities and held; (1) that claimant was an employe and not an independent contractor, (2) that when his injury was sustained he had completed his employment for that day and was not engaged in furthering the business of his employer, and (3) that the contract of hiring upon which the claim was based related to agriculture.

Upon a review of the record we agree with the court below in holding that claimant was an employe or servant rather than an independent contractor, but we think this case should turn upon the question of the character of his employment.

Although claimant was represented by counsel at the hearing before the referee, the circumstances under which the accident occurred were not developed fully enough to enable a court to determine whether at the time of the accident (stated in the claim petition to have occurred about five o'clock in the afternoon) claimant was engaged in furthering the business of the defendant.

The evidence shows the accident happened off the premises; counsel for claimant states in his history of the case that claimant was then returning "to the defendant company's plant," while counsel for defendant say in their counter history he "was returning to his home;" it is also stated in the opinion of the court below that "he was returning from Aspers station to his home." The record will be searched in vain for evidence sufficient to support any of these statements. Under the circumstances the burden was on claimant to show that when injured he was engaged "in the furtherance of the business or affairs of the employer" and this burden has not been met.

We turn therefore to the main question involved under this appeal. The supplement of 1915, supra, expressly provides that nothing contained in our Workmen's Compensation Act "shall apply to or in any

way affect any person who, at the time of injury, is engaged in domestic service or agriculture.'' The test is the general character of the contract of employment. The act, according to its title (which must be taken into consideration: Matis et al. v. Schaeffer, 270 Pa. 141), is one to "exempt ...... agricultural workers'' from the operation of our compensation law.

Upon the facts, the court below said: ''The defendant is the owner of a number of farms located in Menallen Township, Adams County, Pa., which are very largely set out in apple orchards, and the cultivation of these orchards and the harvesting of the crops raised thereon is the chief occupation of the defendant in relation thereto. Some of the land is tilled and upon it other agricultural crops are grown, used almost exclusively on the premises for the feeding and maintenance of stock, poultry and other animals or fowls usually raised as an incident to farming.''

We think the legislature used the words ''agricultural workers'' and the phrase ''engaged in agriculture'' in their comprehensive, usual and commonly accepted sense; there is nothing in the act or in its title indicative of an intention to distinguish grain growers and their employes from fruit or vegetable growers and their employed laborers. The following excerpts from the opinion in the court below are adopted: ''The question raised is whether or not the word 'agriculture' legally construed would include fruit growing,— the care, maintenance and cultivation of orchards and the harvesting, storage and shipping of the fruit raised therein. Agriculture as defined by Webster is the 'art or science of cultivating the ground, especially in fields or in large quantities, including the preparation of the soil, planting of seeds, the raising and harvesting of crops and the rearing, feeding and management of livestock.' In Funk & Wagnall's dictionary agriculture is defined as 'a science that treats of the culti-

vation of the soil,' and under this definition it is stated 'agriculture as a generic term includes at once the science or art and process of supplying human wants by raising products of the soil and by associated industries.'

"It is contended by the claimant that fruit growing is horticulture, an occupation distinct from agriculture and not included therein. But the dictionary definition of horticulture is 'the department of the science of agriculture which relates to the cultivation of gardens or orchards, including the care of vegetables, fruit, flowers, and ornamental shrubs and trees.' In common parlance it is unquestioned that agriculture would be considered as including fruit growing. If it is correct that horticulture is one department of agriculture, then agriculture must include horticulture. [See also 2 Corpus Juris, 988,] The occupations of growing fruit and of raising other crops are so allied to each other and the character and condition of labor required so identical in each case that we can see every reason why a laborer in fruit growing should be treated and classified in the same way under this Act of Assembly as a laborer on a farm which grew crops other than fruit. Of course the storage and marketing of the crop raised whether it be fruit or grain, is just as much the work of agriculture as is the planting and cultivation thereof, or any other labor engaged in for the purpose of furthering, as a main or an incidental purpose, the cultivation of the ground or raising of crops. We are convinced that the defendant as a fruit grower was engaged in agriculture, and that the claimant in helping the defendant for compensation to harvest and deliver for shipment or storage the crop of apples obtained from the orchards of the defendant, was engaged in the pursuit of agriculture."

This conclusion renders unnecessary any further discussion of the other branches of the defense.

Judgment affirmed.