## Hein v. Ludwig, Appellant.

Argued April 17, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank W. Stonecipher*, with him *Marshall & McCandless*, for appellant.

*J. Campbell Brandon*, of *Brandon, Brandon & Ross*, with him *A. R. Cingolani* for appellee.

OPINION BY RHODES, J., July 18, 1935:

The only substantive question raised by the appeal in this workmen's compensation case is whether the claimant, at the time of the injury, was engaged in agriculture and thereby excluded from the protection of our Workmen's Compensation Act. The Act of June 3, 1915, P. L. 777, §1 (77 PS §24), provides:

"Nothing contained in any article or any section of an act, entitled the Workmen's Compensation Act of 1915, shall apply to or in any way affect any person who, at the time of injury, is engaged in domestic service or agriculture." The title of this act reads as follows: "A supplement to an act, entitled 'The Workmen's Compensation Act of 1915,' to exempt domestic servants and agricultural workers from the provisions thereof." The title of this act must be taken into consideration in determining its scope: Matis et al. v. Schaeffer, 270 Pa. 141, 113 A. 64.

The claimant had been employed by E. C. Ludwig Company, commercial florists, which operated the two greenhouses in question, for approximately seventeen years previous to the date of claimant's injury. In August of 1933, E. C. Ludwig Company became bankrupt, and the defendant, Emma Ludwig, purchased about 3,000 chrysanthemum plants which remained in the two greenhouses. The claimant continued to reside in the house on the premises and to take care of these plants, under an oral agreement with the defendant entered into about September 1, 1933. The two glass enclosed greenhouses, each 200 feet long, one being 18 feet in width, the other 24, were located on a 50-acre farm or tract of land in Adams Township, Butler County, Pennsylvania. This tract of land and the greenhouses thereon were owned by the defendant, who also conducted a retail florist shop at 409 Federal Street, Pittsburgh. There is no evidence that any part of the property was cultivated or used as a farm. Its use was limited to the operation of the greenhouses. The claimant, while in charge of the defendant's greenhouses, lived in the dwelling situate near them, which he was permitted to occupy without charge, as part of his wages. The claimant's duties, which were confined to and about the greenhouses, included maintaining the proper temperature, providing the proper moisture,

opening and closing the ventilators, planting, clipping, budding, tying up, cutting, and shipping the plants.

On September 11, 1933, at about six thirty P. M., the claimant noticed an approaching storm and was about to go to the greenhouses to close the ventilators when he slipped on the porch of the house and sustained a fractured thigh bone of the right leg, resulting in a permanent loss of the use of this leg.

The referee disallowed compensation, holding in his sixteenth finding of fact as follows: "We find further that the defendant, Emma Ludwig, trading and doing business as E. C. Ludwig Florists, at the time of the accident in this case, was engaged in horticulture, a branch of agriculture, and that the claimant was assisting in this work and in our opinion the case is controlled by the opinion of the Superior Court by CUNNINGHAM, J., in the case of Daniel M. Bucher v. American Fruit Growers Co.". (107 Pa. Superior Ct. 399, 163 A. 33). The board affirmed the referee. The court of common pleas reversed the referee and board, holding that the defendant was not engaged in agriculture within the meaning of the supplement to the Workmen's Compensation Act. Defendant appealed.

Unless the claimant was engaged in agriculture at the time of the accident, he is entitled to the benefits of the compensation act.

The defendant in this case owned and operated a retail florist business in Pittsburgh. She also owned the property upon which the two commercial greenhouses were located in Butler County. Her property, so far as the evidence discloses, was devoted to no use other than the operation of her greenhouses, which were artificially heated by means of steam and mechanically watered. Shipping orders for plants were sent to claimant from defendant's shop in Pittsburgh.

"Agriculture as defined by Webster is the 'art or science of cultivating the ground, especially in fields

or in large quantities, including the preparation of the soil, planting of seeds, the raising and harvesting of crops and the rearing, feeding, and management of livestock' ": Bucher v. American Fruit Growers Co., 107 Pa. Superior Ct. 399, 403, 163 A. 33.

In the Bucher case, supra, at pages 403, 404, it was held that "the Legislature used the words 'agricultural workers' and the phrase 'engaged in agriculture' in their comprehensive, usual and commonly accepted sense; there is nothing in the act or in its title indicative of an intention to distinguish grain growers and their employes from fruit or vegetable growers and their employed laborers ...... In common parlance it is unquestioned that agriculture would be considered as including fruit growing."

By the same token, agriculture, in the usual and commonly accepted sense of the term, does not include the operation of commercial greenhouses; nor is an employee in charge thereof an agricultural worker. The operation of such greenhouses is more akin to industry than to agriculture. They produce under artificial conditions; while the raising of crops, the growing of fruit and other similar agricultural activities are under natural conditions. They may be erected and operated practically anywhere a factory can be erected and operated. Such an enterprise is not one of those agricultural activities consisting of, or directly related to, the cultivation of the ground in the sense of husbandry. The fact that plants and flowers raised therein are products of the soil is not controlling, but rather that this is done under artificial conditions in a commercial plant. It is our opinion that the business of the defendant does not come within the term "agriculture" as used in the supplement to the Workmen's Compensation Act, supra, and that the claimant, who operated these greenhouses as an employee of the defendant, was not an agricultural worker; nor was he engaged in agriculture.

The facts in the Bucher case, supra, are not analogous to the facts in the instant case. In that case, the claimant was helping the defendant harvest and deliver the crop of apples obtained from defendant's orchards on its farms. The claimant, so employed, was held to be engaged in the pursuit of agriculture. The case is distinguishable from the case at bar as the growing of fruit under natural conditions in orchards on a farm comes within the term "agriculture," as clearly as the raising of grain and the growing of vegetables under similar conditions constitute agricultural pursuits.

Appellant contends that the lower court could not reverse the referee's sixteenth finding of fact, supra, without remitting the record to the board for further determination in accordance with Section 427, Article 4, of the Act of June 2, 1915, P. L. 736, as amended by Section 6 of the Act of June 26, 1919, P. L. 642 (77 PS §879), which provides: "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination ......" This provision of the act did not apply, since the court below reversed the board, and likewise the referee, on a question of law: Berlin v. Crawford, 86 Pa. Superior Ct. 283. There was no dispute as to the type of work which the claimant did or was hired to do, and the only question raised on appeal in the court below was whether the claimant was engaged in agriculture within the meaning of the act. Under any given state of facts, the interpretation or construction of the act is a question of law. Where the court's reversal of the board is on a question of law, there is no need to remit the record for further findings: Berlin v. Crawford, supra; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256.

It is necessary that the record be remitted for an-

other reason. The referee made no award, and the evidence does not show clearly the full amount of the claimant's wages at the time of the accident. The record must, therefore, be returned to the compensation authorities to determine these facts and to make a definite award in favor of the claimant.

The conclusion of the court below is approved and the record is remitted to the court below, and that tribunal is directed to return the record to the compensation authorities for further hearing and determination in accordance with this opinion.