## Lallo v. Shinn et al.

*Alexander F. Barbieri*, for plaintiff.
*John B. Martin*, for defendants.

FLOOD, J., July 30, 1940.—Claimant, on May 3, 1938, was employed by defendant Shinn, a landscape gardener. While transplanting a bush weighing several hundred pounds, he felt a sharp pain in his left groin. He was immediately taken to the Bryn Mawr Hospital, where an examination by Dr. Parker revealed no injury but did disclose a tenderness in his left side. Dr. Parker made further examinations of claimant but his condition apparently remained unchanged.

Claimant, however, refused to return to work because of the pain in his side. Seven or eight days after the al-

leged accident a lump appeared in his left groin. On the advice of his family physician, he went to Dr. Seligman, who performed a corrective operation for the hernia at the Hahnemann Hospital on May 26, 1938. Claimant thereafter fully recovered and was able to return to work on June 25, 1938.

Defendants have contested plaintiff's claim on two grounds: (1) That he was engaged in agriculture at the time of the alleged injury and, therefore, is not within the protection of The Workmen's Compensation Act of June 2, 1915, P. L. 736; (2) that the hernia was not the result of an accident suffered in the course of his employment. The referee and the board ruled against defendants on both counts and awarded compensation.

1. To sustain their first contention, defendants rely upon Bucher v. American Fruit Growers Co., 107 Pa. Superior Ct. 399 (1932), wherein it was ruled that horticulture was a branch of agriculture and that one engaged in fruit growing was an agricultural laborer within the meaning of the act. But landscape gardening has little in common with fruit growing and other agricultural pursuits the main purpose of which is the raising and harvesting of crops. It is more closely akin to the operation of a commercial greenhouse or an agricultural nursery, both of which have been held not to be comprehended by the restrictive clause of the act: Hein v. Ludwig, 118 Pa. Superior Ct. 152 (1935) ; Cox v. Hoopes Brothers & Thomas Co. et al., 27 D. & C. 86 (1936). As pointed out by claimant, landscaping is usually a part of building construction work; one engaged therein is as much an industrial worker as the man who builds the sidewalks and fences surrounding the building. Undefined words used in the act must be taken in their popular sense: Carville v. A. F. Bornot & Co., 288 Pa. 104 (1927). In common parlance, a landscape gardener is not an agricultural worker, and claimant quite properly instituted these proceedings before the board.

2. A hernia due to strain occurring in the course of an employe's normal duties is compensable. The "accident" is the strain or twist that causes the break or sudden change in the physical structure or tissues of the body: Camilli v. Pennsylvania R. R. Co., 135 Pa. Superior Ct. 510 (1939). If there is competent evidence to support the conclusion that claimant's hernia resulted from a strain suffered on May 3, 1938, we must affirm the award.

Two doctors testified. Dr. Parker, who examined claimant on May 3rd, 4th, and 6th, found no evidence of hernia at that time and was of the opinion that plaintiff was malingering. This conclusion was based partly upon claimant's past record of admissions to the Bryn Mawr Hospital for various ailments, many of which were diagnosed as mere hysteria, or malingering. Dr. Seligman, who performed the operation on May 26th, testified that in his opinion the hernia resulted from the strain suffered when claimant attempted to push over the bush on May 3rd. This opinion was formed with knowledge of claimant's previous case history.

There is no doubt that prior to May 3rd claimant had no hernia, or that three weeks later he had one which required an operation. As stated by the board in its opinion, there is no indication in the record of an occurrence during that interval which in any way contributed to the development of claimant's condition. The resolution of this medical controversy, therefore, was solely a matter for the fact-finding body. We see no grounds upon which the court could set aside the board's findings.

3. Defendants have also pointed to what they consider a relevant procedural change in The Workmen's Compensation Act by the 1939 amendment to section 422: The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, 77 PS §834. That section now reads: ". . . all findings of fact shall be based only upon *sufficient*, competent evidence *to justify same.*" Prior to 1939 the italicized words were absent. It is defendants' contention that by the addition of those words the duty

of weighing the evidence was placed upon the court on an appeal from the board. In our opinion, the added words do not enlarge our jurisdiction. We may merely set aside findings when there is not sufficient competent evidence to justify them. This we could do before. This statute does not make us a fact-finding body in compensation cases. By such words the legislature surely did not intend to cast upon the court the burden of determining the credibility of witnesses with nothing but a typewritten record of their statements upon which to found its conclusions. Nor did it intend to impose upon us the duty of passing upon the weight of the evidence under like conditions. We should hesitate to construe any procedural statute in that way in the absence of clear and unequivocal language. There is no such language here.

And now, July 30, 1940, appellant's exceptions to the award of the Workmen's Compensation Board and the appeal from that award are hereby dismissed, and the award is affirmed.

Judgment is accordingly entered against Russell M. Shinn, defendant - employer, and the Manufacturers' Casualty Insurance Company, insurance carrier, and in favor of:

Claimant, Dominic Lallo, in the sum of $97.44, being the compensation payable for 7 and 4/7 weeks from May 3, 1938, to June 25, 1938, with interest at the rate of six percent from the times the instalments of compensation included therein were respectively payable; together with costs;

Claimant, Dominic Lallo, in the sum of $8, being the amount paid by claimant to Dr. C. H. Kistler for medical services during the period of his disability;

Dr. J. A. Seligman, 6306 Woodbine Avenue, Philadelphia, Pa., in the sum of $100, being the amount due him for surgical treatment incurred by claimant;

The Hahnemann Hospital, Philadelphia, Pa., in the sum of $94, being the amount due it by claimant for hospital services.