ST. LOUIS ROSE COMPANY, a Corporation, v. UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI, ANDREW J. MURPHY, SR., EDWARD C. CROW and HARRY P. DRISLER, Members, and ROBERT C. EASTMAN, Appellants.—159 S. W. (2d) 249.

Division One, October 30, 1941.

Rehearing Denied, December 12, 1941.

Motion to Transfer to Banc Overruled, February 26, 1942.

*Harry G. Waltner, Jr.*, Chief Counsel, and *Edward D. Summers*, Assistant Counsel, for appellants.

1154

*Kirk Jeffrey* for respondent.

■■■■ DOUGLAS, J.—The question before us calls for a definition of the term "agricultural labor" as it is used in our Unemployment Compensation Law.

A former employee of the St. Louis Rose Company was allowed unemployment benefits by the Unemployment Compensation Commission. Upon review by the circuit court the decision of the commission was reversed and the commission has appealed.

The company has about twenty-one acres of land in St. Louis County on which are located four greenhouses which cover about ten per cent of the acreage. It raises and sells roses and other flowers. The employees of the company are primarily engaged in the growing of roses. From June 1 to October 1 the rose plants lie dormant. During that time the employees are engaged in preparing for the next growing season. New plants are grafted. Seedlings of other flowers are started in the pots and beds outdoors where they grow during the warm months before they are removed to the greenhouses. Old soil is taken from the greenhouses and replaced with new. The growing season in the greenhouses commences about October 1 and lasts until the first of June. Here the plants are cultivated and cared for. After the flowers bloom they are cut, graded, bunched and

packed. They are then sold to a distributor. The duties of the employees in and about the greenhouses include maintaining the proper temperatures and providing proper moisture.

The commission contends that the company is such an employer as comes within the terms of the law but the company claims it is exempt because its employees are engaged in agricultural labor.

Section 9423, R. S. 1939, of the Unemployment Compensation Law defines ''employer'' as follows:

''(h) . . . (1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals irrespective of whether the same individuals are or were employed in each such day;''

However, under sub-section (i) paragraph (6) it is stated: ''The term employment shall not include: (1) Agricultural labor; . . .'' [Mo. Stat. Ann., p. 4770.]

The issue is thus narrowed to the question whether the company's employees are engaged in ''agricultural labor.''

The commission depends chiefly on four cases from other States all holding that persons employed in growing flowers in greenhouses are not engaged in agricultural labor. These are: Park Floral Company v. Industrial Commission of Colorado, 104 Colo. 350, 91 Pac. (2d) 492; Unemployment Compensation Div. v. Valker's Greenhouses, Inc. (N. D.), 296 N. W. 143; Hein v. Ludwig, 118 Pa. Super. Ct. 152, 179 Atl. 917; Christgau v. Woodlawn Cemetery Assn. (Minn.), 293 N. W. 619. The underlying theory of three of these cases is that agriculture is restricted to a farm while the Hein case holds that raising flowers in a greenhouse is industrial rather than agricultural in the light of a Workmen's Compensation Act.

The term agricultural labor is inexact. Webster defines agriculture as ''The art or science of cultivating the ground, and raising and harvesting of crops, . . . in a broader sense, the science and art of production of plants and animals useful to man, . . . In this broad use it includes farming, horticulture, forestry, dairying, sugar making, etc.'' He defines horticulture as ''The cultivation of a garden or orchard; the science and art of growing fruits, vegetables, and flowers or ornamental plants. Horticulture is one of the main divisions of agriculture.'' (Webster's International, 2nd Ed.) In 3 C. J. S. 366, the definition of agriculture includes gardening or horticulture and in 2 Amer. Juris. 396, it is interesting to note that horticulture is also included in a definition of agriculture which stresses the meaning that agriculture is applied to cultivating the soil and its fruits *especially in large fields and areas.*

It is true that the word agriculture usually covers all things done by a farmer or on a farm. Warner v. Longstreth (Pa. Super.), 164

Atl. 806; City of Higbee v. Burgin, 197 Mo. App. 682, 201 S. W. 558. But agriculture is more comprehensive than farming. In its broader sense it applies as well to horticulture in a garden or nursery. Hill v. Georgia Casualty Co. (Tex.), 45 S. W. (2d) 566; Bucher v. American Fruit Growers Co., 107 Pa. Super. 399, 163 Atl. 33. The Supreme Court of North Dakota in an earlier case than the one cited above said: "One may be employed in agriculture and not be a 'farmer' in the ordinary sense of the term, nor even a 'farm laborer' as the term is used in our lien laws. They are not synonymous terms. The term 'agriculture' is broader than either of the others." Lowe v. North Dakota Workmen's Comp. Bur., 66 N. D. 246, 264 N. W. 837. This statement is supported by the accepted definitions of agriculture as the term is commonly understood. The New Jersey Supreme Court in a late case held that greenhouse men were engaged in agricultural labor. [Henry A. Dreer, Inc. v. Unemployment Compensation Comm. of New Jersey, 127 N. J. L. 149, 21 Atl. (2d) 690.]

In order to sustain the Commission's contention it would be necessary for us to substitute the term "farm labor," a narrower classification, for "agricultural labor" or to write into the law that only such agricultural labor *as is performed on a farm* is exempt. This we may not do. In view of the commonly understood meaning of the term the legislature would have included such a restriction had it intended one. Nor can we impose such a restriction through the doctrine of strict construction of a tax exemption provision. There is no ambiguity here. Where there is no ambiguity there is no need for either a liberal or strict construction. The company's employees are performing horticultural labor and are within the classification of agricultural labor. The company is therefore exempt under the terms of the law.

We observe in closing, merely as a matter of interest and not that we are governed thereby, that some twenty-eight states have provided by statute or regulation that employees of flower growers are engaged in agricultural labor while seven have ruled to the contrary. The Internal Revenue Department of the United States has ruled that greenhouse employees engaged in planting, cultivating, etc., should be considered as agricultural employees under the Federal Social Security Act, which act was later conformed to such ruling by amendment. And finally, we point out that our own act has been amended to exempt specifically labor engaged in raising horticultural commodities in greenhouses as agricultural labor. [1941 Laws, l. c. 573.]

The judgment is affirmed. All concur.