## ORENDORF *v.* H. WEBER & SONS COMPANY

[No. 195, September Term, 1957.]

424

*Decided April 28, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and MACGILL, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Stephen R. Pagenhardt,* with whom was *Stuart F. Hamil, Jr.,* on the brief, for the appellant.

*W. Dwight Stover,* with whom was *William O. Treacy* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The trial court, sitting without a jury, reversed the Acci-

dent Commission and held that the claimant Orendorf, who was injured while replacing a steam pipe in a greenhouse on a farm, was not covered by the Workmen's Compensation Act because his employment consisted of rendering services in connection with agricultural pursuits, which the Act expressly does not protect.

The employer is a corporation that owns a farm of several hundred acres in Garrett County. Until recent years, the farm produced oats, beans, peas, and the usual farm crops. Of late years sixty acres have been devoted to raising hay, other acres to raising corn, eight acres to the outdoor cultivation of flowers and plants, and two acres are covered by eighteen greenhouses. In these are raised floricultural products from seed and cuttings to potted plants and cut flowers, as well as tomatoes, lettuce, peppers, cabbage and sweet potatoes for sale as young plants or to maturity for market. Cattle owned by others are wintered on the farm. The manure is used to produce a liquid fertilizer for the flowers and plants in the greenhouses. Soil from the farm replenishes that in the greenhouse. The carnation crop is started out of doors and then brought into the greenhouses for the winter. Adjacent to the greenhouses is a boiler house which furnishes steam at the pressure used for heating homes to a system of pipes that heat the greenhouses, prevent accumulation of snow on them and sterilize the soil. The claimant's main duties were in the greenhouses. He watered plants, carried and screened dirt, weeded and gathered flowers, put plants in "flats", and wrapped and shipped mature plants. From time to time he worked elsewhere on the farm by helping in the barn, making hay, hauling dirt and manure, sacking grain on the combine, hoeing, spading and planting. Occasionally, he would assist in the replacement or repair of the pipes that carried the steam in the greenhouses, as he was doing when he was hurt.

Almost none of the States protect those who work on or in connection with a farm or its products by workmen's compensation coverage. 1 *Larson Workmen's Compensation Law*, Sec. 53.10. Some acts exclude "farm" labor or employment; others "agricultural" work or workers. The de-

cisions hold that statutes that do not cover "agricultural" workers exclude many who would be covered by a statute which excludes only farm labor. *Lowe v. North Dakota Workmen's Compensation Bureau* (N. D.), 264 N. W. 837, 838; *Dost v. Pevely Dairy Co.* (Mo.), 273 S. W. 2d 242. Agriculture embraces not only farming but horticulture as well, and horticulture in turn embraces floriculture. Funk & Wagnall's New Standard Dictionary (1942) defines "agriculture" as "the cultivation of the soil for food products or any other useful or valuable growths of the field or garden * * *." Webster's New International Dictionary (2nd ed.), defines "horticulture" as "The cultivation of a garden or orchard; the science and art of growing fruits, vegetables, and flowers or ornamental plants. Horticulture is one of the main divisions of agriculture." Judicial recognition that floriculture is a sub-branch of agriculture is found in *Gwin v. Vestal & Son* (Ark.), 170 S. W. 2d 598-599, and *De-Weaver v. Jackson & Perkins Co.* (Sup. Ct. App. Div.), 63 N. Y. S. 2d 593.

Maryland's agricultural exclusion is as broadly phrased as any. Code, 1957, Art. 101, Sec. 67 (3), says the term "employee" shall not include "farm laborers". Any idea that the exclusion is a narrow one is dispelled by the language that follows in defining "Farm Laborers" as "any employees who, at the time of the accident, are engaged in rendering any agricultural service * * * or who, at the time of the accident, are engaged in service incidental to and in connection with agricultural pursuits or developments * * *." This Court has accorded full measure to the legislative breadth of exclusion. Held to be engaged in agricultural pursuits were the claimant in *Beyer v. Decker,* 159 Md. 289, who was struck by a train while delivering milk from a dairy farm on which he worked, and the employee in *Keeney v. Beasman,* 169 Md. 582, who was injured while attempting to dynamite a tree stump on a farm used solely for the production of milk.

We think that Orendorf's services, including those rendered in the greenhouses which were an integral part of the corporation's operations on the farm, were agricultural. The Courts have held that those working in nurseries or in the

cultivation of ornamental plants and flowers, whether out-doors or in greenhouses, are engaged in agricultural labor. *Dills v. Tennessee Nursery Co.* (Tenn.), 218 S. W. 2d 992; *Hill v. Georgia Casualty Co.* (Tex. Comm. App.), 45 S. W. 2d 566; *Gwin v. Vestal & Son* and *DeWeaver v. Jackson & Perkins Co.*, both *supra.*

It seems clear that when he was injured, Orendorf was engaged in rendering services "incidental to and in connection with agricultural pursuits or developments." *Beyer v. Decker* and *Keeney v. Beasman,* both *supra.*

Orendorf relies on *Dost v. Pevely Dairy Co.* (Mo.), *supra,* and *Hein v. Ludwig* (Pa. Super.), 179 A. 917. The Court's conclusion in the *Dost* case was based on the narrow meaning of the word "farm" (used in the Missouri Act) as contrasted with the more extensive term "agricultural". The *Hein* case found that raising flowers in a greenhouse was an industrial rather than an agricultural activity. We do not find the reasoning of the case persuasive.

*Order affirmed, with costs.*