Repasky Unemployment Compensation Case.
Hayden, Appellant, *v.* Unemployment
Compensation Board of Review.

Argued April 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Louis Vaira,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an appeal in an unemployment compensation case by the employer, George Hayden, from the decision of the Unemployment Compensation Board of Review that the claimant, Helen E. Repasky, was not excluded from coverage as an agricultural worker and that she was entitled to benefits as an employee of a retail market. The Bureau of Employment Security and the Referee had both concluded the claimant was engaged in agricultural labor and were reversed by the board.

The claimant was last employed by George Hayden, of R. D. 3, Elizabeth, Pennsylvania. She was paid at the rate of $1 per hour and worked for 18 months until April 4, 1961. The employer is a farmer who owns a 100-Acre farm and rents 400 additional acres and employs an average of eleven workers. He raises chickens and dairy cattle. The board found that he operated a full-time retail market from his home, selling such items as butter, milk, eggs and poultry and meats; some of these he produces and some he buys wholesale for resale.

The claimant was employed exclusively as a sales clerk in the retail market in the employer's home and

her duties were all performed in this store. She performed no work whatsoever on the farm; neither raised or cultivated any farm product or assisted in any way in the same; and did not raise or care for any livestock or poultry. The findings of the above facts are supported by competent evidence and are binding on this Court. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

Section 4(1) (4) (1) of the Unemployment Compensation Law, 43 PS 753, provides as follows:

"(4) The word 'employment' shall not include—

"(1) Agricultural labor which shall include all services performed—

"(a) On a farm in the employ of any person in connection with cultivating the soil or in connection with raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur-bearing animals and wildlife.

"(b) In the employ of the owner or tenant or other operator of a farm in connection with the operation, management, conservation, improvement or maintenance of such farm and its tools and equipment or in salvaging timber or clearing land of brush and other debris left by a hurricane, if the major part of such service is performed on a farm.

"(c) In connection with the production or harvesting of maple syrup or maple sugar or any agricultural commodity, or in connection with the raising or harvesting of mushrooms, or in connection with the hatching of poultry, or in connection with the ginning of cotton, or in connection with the operation or maintenance of ditches, canals, reservoirs or waterways used exclusively for supplying and storing water for farming purposes.

"(d) In handling, planting, drying, packing, packaging, processing, freezing, grading, storing or deliver-

ing to storage or to market or to a carrier for transportation to market any agricultural or horticultural commodity, but only if such service is performed as an incident to ordinary farming operations, or, in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market. The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption.

"As used in this subsection the term 'farm' includes stock, dairy, poultry, fruit, fur-bearing animal, and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities and orchards."

As we said in *Wolfe Unemployment Compensation Case,* 185 Pa. Superior Ct. 413, 415, 138 A. 2d 174 (1958), "The question involved is a simple one, the answer difficult, because of confusion created in the interpretation of the definition of farm or agricultural labor under the various federal and state social security acts. Was this appellee engaged in agricultural labor and thus excluded from coverage under the provisions of the Unemployment Compensation Law? . . . There are no decisions which rule the instant case. The cases in the federal and state courts, where the question of agricultural labor has been decided, seem to depend upon the facts of each particular case, and, of course, the wording of the statute being interpreted. It is difficult to find a pattern of uniform interpretation."

In the *Wolfe* case the decision turned on the nature of the claimant's work, to wit, raising, feeding and caring for pheasants to be stocked on the farm as a hunting preserve. The nature of the work was clearly

agricultural. This, together with the wording of sub-section (a) of the act, "raising . . . feeding, caring for, training and management of . . . poultry . . . and wild-life" determined the decision that his work was agri-cultural labor.

In *Bucher v. Amer. Fruit Growers Co.*, 107 Pa. Su-perior Ct. 399, 163 A. 33 (1932), the claimant was hauling apples by contract in his truck from defend-ant's fruit farm to the railroad station as well as "running apples" into barrels. The claimant sought benefits as a result of injuries sustained in a truck ac-cident when returning to the farm from the railroad station. The Court held him to be excluded from cov-erage as an agricultural worker because the clear lan-guage of the Act includes the care, maintenance and cultivation of orchards and the harvesting, storage and shipping of the fruit raised therein.

In the instant case, however, although the claim-ant's work is performed on a farm, her activities have all the earmarks of a clerk in a retail grocery store. She prepares the commodities for resale and completes the sale to the customers. The nature of her work would be the same regardless of her employment on or off the farm. She was not hired to perform any work other than selling foodstuffs.

The farm's retail outlet was equipped with counters, wrapping tables, cash registers and the usual accouter-ments of a grocery store. Under the facts in this case the nature of her services is that of a sales clerk in a food store. Her duties are not concerned with prepa-ration for shipment to market but preparation for re-tail sale and distribution for consumption.

We agree with the board that subsection (d) pro-vides that agricultural labor is not applicable to serv-ice performed "in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption." Whether

the farm market can be considered a terminal market may perhaps be questioned but it is certain and clear that the commodities delivered from the farm to the store and those purchased for resale and delivered to the store were to be distributed for consumption by the general public.

Decision affirmed.