**KANSAS CITY, Missouri, a Missouri Corporation, Appellant,**

v.

**ROSEHILL GARDENS, INC., Respondent.**

**No. 59449.**

Supreme Court of Missouri, En Banc.

Nov. 8, 1976.

George L. DeBitetto, Asst. City Atty., Kansas City, for appellant.

Charles E. Patterson, Kansas City, for respondent.

HOLMAN, Judge.

Plaintiff instituted this action in an effort to collect the balance alleged to be due from defendant for occupation license taxes for the years 1966 to 1970 inclusive. The ordinance provides for a tax of $1.00 for each $1,000 of gross receipts for a nursery. The total amount sought was $1,516.61 tax and $379.14 penalties. Upon trial the court found that most of the sales upon which plaintiff contended a tax was due were exempt. The judgment for plaintiff was for $47.96. Plaintiff duly appealed. We have appellate jurisdiction because the case involves "the construction of the revenue laws of this state." Art. V, Sec. 3, Mo. Const.

There is no controversy about the fact that the "hard goods" sold by defendant, i. e., fertilizer, pesticides, redwood tubs, etc., were subject to the license tax. The question presented upon this appeal is whether the items sold by defendant which it had grown were exempt from such tax by reason of Section 150.030, V.A.M.S. which reads as follows: "Any farmer residing in this state who shall grow or process any article of farm produce or farm products on his farm is hereby authorized and permitted to vend, retail or wholesale said products, free from license, fee, or taxation from any county or municipality, in any quantity he may choose, and by doing so shall not be considered a merchant; provided he does not have a regular stand or place of business away from his farm; and provided further, that any such produce or products shall not be exempted from such health or police regulations as any community may require."

Defendant is a family corporation owned by Everett Asjes, Jr., his wife, and two sons. Most of the land operated by the corporation is owned by Everett Asjes, Jr., and leased to the corporation. The principal office and salesroom of the defendant is located upon a seven acre tract at 9300 Holmes Street, in Kansas City. There are twenty-two parking places at that location. In addition to hard goods there are sales from the Holmes Street location of flowers, shrubs, ornamentals and various bedding plants. Much of the nursery goods sold at the Holmes Street location is produced on that seven acre tract, but there is a considerable amount that is brought in from the other three locations of the company and sold at that place.

The defendant also operates a seventy-seven acre tract located at 116th and Blue River Road in Kansas City. It also operates a two-hundred acre tract near Belton, Missouri, and a four-hundred eighty-one acre tract at Freeman, Missouri. Some farm products, such as corn and alfalfa are grown on the large tracts in Cass County at Belton and Freeman, but a considerable volume of trees and other nursery products are also produced on those two tracts. Some of the nursery products grown on the two Cass County tracts and at the 116th Street location are sold at the particular tract where they are produced. Also, some of those products are sold and shipped directly from those points to other states. However, a considerable volume of nursery products are transferred from the three other tracts to the Holmes Street location for sale there.

The trial court found that defendant should be classified as a farmer within the meaning of Section 150.030 and that all of the products grown by it should be excluded in the computation of gross sales and that only the hard goods should be included in computing the license tax.

In this court the defendant, of course, seeks to uphold the findings and judgment of the trial court. Plaintiff, on the other hand, maintains that in the sale of nursery products and bedding plants defendant is a merchant and is not to be exempted as a farmer.

■ We have concluded that defendant is a "farmer" and a producer of "farm products" in growing products classified both as horticultural and floracultural as well as bedding plants. We see no logical reason why a definition of farm products should be limited to products that can be consumed by either human beings or animals. In the growing of shrubs, ornamental trees and

flowers the process of planting seed, cultivation and other care is used the same as in producing corn, wheat and other nutritional products. While most of the products here involved are not nutritional they are considered desirable and beneficial to mankind. We are supported in the foregoing conclusion by the cases of *Boehm v. Burleigh County*, 130 N.W.2d 170[7] (N.D.1964), *Hagenburger v. City of Los Angeles*, 51 Cal. App.2d 161, 124 P.2d 345[3] (1942), *Orendorf v. H. Weber & Sons Company*, 216 Md. 423, 140 A.2d 641[1] (1958), *Township of Marple v. Lynam*, 151 Pa.Super. 288, 30 A.2d 208[4] (1943), *Dye v. McIntyre*, 176 Tenn. 527, 144 S.W.2d 752 (1940), and *In Re Bronxville Nurseries*, 258 App.Div. 1019, 17 N.Y.S.2d 95 (App.Div.1940).

The cases cited by plaintiff in support of a contrary view are largely inapplicable or distinguishable. The one case that tends to support plaintiff's contention (although somewhat distinguishable) is *City of Amarillo v. Love*, Tex.Civ.App., 356 S.W.2d 325 (Tex.App.1962). In that case the nursery stock sold by defendant was purchased from nursery farms located in other areas. When received by defendant the plants were replanted and were watered, fertilized and kept alive until sold. In ruling the case the court stated that, "In our view, nursery stock here involved is not included in the constitutional exemption of 'farm products.' The trees and bushes were started by grafting and budding on large nursery farms and transferred to appellee who conducted its retail and wholesale business on several city lots within the City of Amarillo. Appellee is not a farmer but a merchant conducting a retail, and to some extent wholesale, business. This nursery stock has all of the characteristics of a stock of merchandise as that term is ordinarily used among both business men and the general public. Appellee's care and treatment of this nursery stock during its 'second growth stage' was incidental to its selling the stock to the ultimate consumer."

As we have said the facts in *Love* are not precisely the same as in the case at bar. However, to the extent that *Love* supports the view that nursery stocks are not farm products we do not choose to follow it.

■ It should be noted, however, that Section 150.030 does not exempt farm products sold by a farmer at a "regular stand or place of business away from his farm." We agree, therefore, with plaintiff's alternative contention that the products sold at the sales office at 9300 Holmes Street which were grown at the other three locations are not exempt. The defendant is not operating one farm but is operating four. It cannot channel the products from three of the farms through the 9300 Holmes Street place of business without losing the exemption on those products. It is, of course, entitled to exclude from the computation the products grown at 9300 Holmes Street and sold at that location.

The auditor for plaintiff in his examination of defendant's books and records was apparently unable to satisfactorily separate the sales of products grown at 9300 Holmes Street from those grown elsewhere. The parties agree that the burden was on defendant to prove facts which would entitle it to an exemption under Section 150.030. Therefore, the burden was on defendant to show the portion of its total sales of nursery products that came from products grown on the seven acre tract at 9300 Holmes Street. Defendant failed to carry that burden.

■ Plaintiff contends that since defendant failed to carry its burden we should enter judgment for the total amount shown by its audit to be due, i. e., the amount claimed in its petition herein. We do not agree. This is a case of first impression in this state. The law and procedure had not been established at the time of trial. We have concluded that the judgment should be reversed and the cause remanded with directions to the trial court to hold a hearing to determine the amount of the exemption defendant is entitled to and to then enter a judgment for plaintiff for the amount of license tax due based on the amount of the remaining sales.

Defendant has briefed the point that plaintiff's brief does not comply with Rule

84.04(d) and hence does not preserve anything for review. We rule this point against defendant.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

All concur.