GEORGE F. DEUTSCHMANN, INC., Petitioner-Appellant,

v.

Constance LEISER et al., Respondents.

No. 36869.

Missouri Court of Appeals, St. Louis District, Division Four.

Jan. 25, 1977.

Richard M. Stout, Kirkwood, for petitioner-appellant.

Terry C. Allen, Rufus D. Shannon, William W. Clinkenbeard, Jefferson City, for respondent, Missouri Division of Employment Security.

Charles B. Fain, Jefferson City, for respondent, Industrial Commission of Missouri.

SMITH, Presiding Judge.

Petitioner appeals from the judgment of the Circuit Court affirming a decision of the Industrial Commission of Missouri that Constance Leiser is an insured worker under the Missouri Employment Security Law, Sec. 288.010 et seq. RSMo 1969. The dispute centers upon whether Ms. Leiser's employment is exempted from the law by virtue of Sec. 288.034(12 (1)) dealing with agricultural labor.

George F. Deutschmann, Inc. is the operator of a number of greenhouses located in the City of Des Peres in St. Louis County. In the approximately 30 greenhouses and upon the growing fields adjacent thereto, Deutschmann grows, raises, and cultivates a variety of plants and flowers for sale both wholesale and retail. Most of the plants grown are sold from a plant showroom in one of Deutschmann's greenhouses. In addition, Deutschmann operates, within the complex, a floral shop from which it sells cut flowers, potted plants, funeral wreaths, floral arrangements (artificial and real), and other items commonly sold from floral shops. More than half of the flowers sold through the floral shop are grown in Deutschmann's growing operation. The remainder are purchased from floral wholesalers.

Ms. Leiser was an employee in the floral shop. While she might occasionally go into a greenhouse to pick up a plant for sale, she was in no way involved in the growing or cultivating part of the Deutschmann operation. She was a floral designer. As such it was her obligation to arrange flowers into floral arrangements such as wreaths. She also made sales, waited on customers and answered the telephone.

The Commission determined that since a "substantial portion of the sales in the floral shop are derived from the corporation's wholesale purchases of flowers for resale in the shop" the services of employees in the floral shop did not constitute agricultural labor. It is conceded that this finding was based upon the application of the statute as it existed before an amendment having an effective date of January 20, 1972. Ms. Leiser's wage periods were the second, third, and fourth quarters of 1972 and the first quarter of 1973. The 1972 amendment specifically provides that the agricultural labor exemption applies if the "operator produced more than one-half of the commodity with respect to which such service is performed." The evidence is clear that more than half of the flowers sold through the floral shop were produced by Deutschmann. The exemption therefore does not fail to apply for the reasons given by the Commission.

The trial court did not make a specific finding of its reason for upholding the Commission. Rather it concluded that "it can be argued . . . that Constance Leiser's employment did not fall into these [statutorily] described activities, rather her duties were limited to arranging flowers and making sales" or that those duties were performed in a "terminal market." See

Sec. 288.034(12 (1) (b) d iii). The conclusion that the floral shop might be a terminal market is contrary to the evidence and *Agri-Foods Inc. v. Industrial Commission of Missouri*, 511 S.W.2d 898 (Mo.App.1974) [7]. The Commission made no finding that Ms. Leiser's activities were not those enumerated in the statute. That fact determination is for the Commission.

While we are bound by the determinations of fact made by the Commission, we must make our own determination of the law. Specifically we must decide whether persons employed as floral designers by a nursery or greenhouse operation which produces over half of the flowers used in its floral shop are in agricultural labor within the exemptions of Sec. 288.034(12 (1)).

The key statutory provision is Sec. 288.034(12 (1) (b) d i) which exempts employees:

"In the employ of the operator of a farm in handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, *in its unmanufactured state,* any agricultural or horticultural commodity; but only if such operator produced more than one-half of the commodity with respect to which such service is performed;" (Emphasis supplied).

Under Sec. 288.034(12 (1) (b) e) a nursery or greenhouse is a "farm." It is to be observed that the statute bases the exemption not upon the nature of the employer's operation but upon the work performed by the employee. The parties have joined issue upon the question of whether Ms. Leiser's activities fit one of the ten gerunds set forth in the above quoted statute. This leads to discussion of the applicability of *Agri-Foods, Inc. v. Industrial Commission of Missouri, supra,* which held that grading, certifying and processing eggs was agricultural labor within the statutory language. We do not find this to be the proper focus of attack.

Rather the key to Ms. Leiser's status is the emphasized language—was her employment with a product delivered to market in an unmanufactured state. If her activities comprised merely the sorting, grading and sale of flowers, a majority of which were produced by Deutschmann, she would fall within the statutory exemption. See *Kentucky Unemployment Insurance Com'n. v. Potts,* 290 S.W.2d 38 (Ky.App.1956); *St. Louis Rose Co. v. Unemployment Compensation Comm.,* 348 Mo. 1153, 159 S.W.2d 249 (1941); *Agri-Foods, Inc. v. Industrial Commission of Missouri, supra.* But the evidence in the record does not indicate that was the sole nature of her employment. She was a floral designer. Some (although the record is unclear as to how much) of her work consisted of taking flowers and through her efforts converting them into a different saleable product—wreaths, arrangements, sprays, etc.

"Unmanufactured" means "not manufactured." Webster's Third New International Dictionary (1961) p. 2503. "Manufacturing" means "to make from raw materials by hand or by machinery" or "to make into a product suitable for use." Webster's Third New International Dictionary (1961) p. 1378. In *West Lake Quarry & Material Co. v. Schaffner,* 451 S.W.2d 140 (Mo.1970), it was stated:

" '[T]he best viewpoint which we might presently adopt on this subject of what constitutes manufacturing is this one, viz., that if a process takes something practically unsuitable for any common use and changes it so as to adopt it to such common use, then such a process may be legally considered as manufacturing within the meaning of the tax exemption statutes.' " [l. c. 143].

While the meaning of "manufacturing" under the tax exemption statutes and under the Employment Security Law may not be identical, they are similar. If anything the definition of that term should be more broadly construed under the latter which is remedial in nature and entitled to a broad construction to further the beneficial purposes of the act—to promote employment security and to provide payment of compensation to individuals in respect of their unemployment. See Sec. 288.020.

The flowers raised by Deutschmann are a raw material. While they have some marketability themselves, they are of more suitable common use when by the efforts of floral designers they are changed into a more common usage—wreaths, sprays, arrangements etc. This process of converting the raw material, flowers, into the marketable products in common use is "manufacturing." These products are therefore not delivered to market in an "unmanufactured state" within the meaning of this statutory section.

We do not find this conclusion contrary to Agri-Foods, *supra*. There no change was made in the product by the activities of the employees. So also with *Murphy v. Mid-West Mushroom Co.*, 350 Mo. 658, 168 S.W.2d 75 (1943) where the canning of mushrooms was the only way in which they could be preserved for market. Again the product canned was not altered, it was simply preserved. The activities of Ms. Leiser did more than this.

We must, however, remand this case to the Commission for further proceedings. As we have heretofore indicated, the record does not establish how much of Ms. Leiser's work was devoted to manufactured products and how much to activities or products which are within the statutory exemption. Only if half or more of her time was devoted to non-exempt work is she "employed" under the law. See Sec. 288.034(13). There has been no determination of this fact by the Commission and we cannot make such a factual determination.

Cause remanded to the Circuit Court with directions to remand the cause to the Industrial Commission for further proceedings consistent with this opinion.

NORWIN D. HOUSER, and ALDEN A. STOCKARD, Special Judges, concur.