**SPORT O'KINGS FARMS, Petitioner,**

v.

**Randy THOMAS and the Workers' Compensation Court, Respondents.**

**No. 74107.**

Court of Appeals of Oklahoma, Division No. 4.

Sept. 4, 1990.

Scott R. Taylor, Ray H. Wilburn, Wilburn, Masterson & Smiling, Tulsa, for petitioner.

Eric W. Quandt, Michael C. Taylor & Associates, Tulsa, for respondents.

RAPP, Judge.

Employer, Sport O'Kings Farms, appeals an order of the Workers' Compensation Court three-judge panel modifying and affirming an award to claimant, Randy Thomas. We affirm.

Claimant was hired by Sport O'Kings Farms on February 15, 1988, to take care of and to oversee the breeding and foaling of thoroughbred race horses. The horses were later sent to a trainer to be trained for racing. On October 24, 1988, claimant injured his back while picking up a fifty-pound sack of feed. He filed his claim for compensation, and the court awarded temporary total disability compensation, finding that claimant was not an independent contractor and that employer's operation did not fall within the agricultural exemption to the Workers' Compensation Act. The three-judge panel affirmed the decision and also modified the award by increasing the compensation rate.

Employer appeals on the grounds that claimant's employment fell within the agricultural exemption to the Workers' Compensation Act and that claimant was an independent contractor and thus not covered under the Act.

The term "agriculture," as used in 85 O.S.1981 § 2.1(3), is not defined in the Workers' Compensation Act. Although used in a different context, according to *Chapman v. Koenig*, 205 Okla. 402, 404, 238 P.2d 357, 358 (1951),

A generally adopted definition of "agriculture" is found in 2 Am.Jur. 395, wherein it is said: "Agriculture, in the broad and commonly accepted sense, may be defined as the science or art of cultivating the soil and its fruits, especially in large areas or fields, and the rearing, feeding, and management of livestock thereon, including every process and step necessary and incident to the completion of products therefrom for consumption or market and the incidental turning of them to account."

In the present case, the general nature of employer's business is the breeding and raising of thoroughbred horses for racing

purposes, which does not fall within the traditional meaning of agriculture, as that term is commonly understood. The business of breeding and raising thoroughbred racehorses is not typical of an ordinary farmer in the production of products for human usage or consumption, nor are thoroughbred racehorses normally used in the production or harvesting of crops, or in any other way related to agricultural purposes. Although the term "agriculture" may include the rearing of livestock, it should not be interpreted to include the raising of all so-called "domestic" animals, regardless of the nature of the business. Under the particular facts in the instant case, it must be concluded that claimant's employment was not agricultural, as that term is commonly understood, but was work that had a commercial character entirely separate and apart from an agricultural pursuit. Thus, the trial court did not err in finding that claimant's injury was received in the course of covered employment.

 With respect to the issue of whether claimant was an independent contractor, the decisive legal test is "whether the person for whom services are rendered has the right to control the details of the work or performance." *Brown v. Burkett,* 755 P.2d 650, 652 (Okla.1988) (footnote omit-ted). However, in the present case, claimant did not contract with the owner "to work on a particular project according to his personal or unique methods, free from the owner's control and instruction, except as to the result or product." *See id.* (footnote omitted); *see also Page v. Hardy,* 334 P.2d 782 (Okla.1958). Claimant was hired for an indefinite time to perform various tasks in connection with the raising and breeding of thoroughbred horses and had been regularly employed for some eight months by employer. Also, claimant worked specifically for employer and was paid a monthly salary which did not depend on completion of a particular task. Thus, the evidence shows that claimant was not an independent contractor.

The decision of the three-judge panel is affirmed.

BACON, P.J., and STUBBLEFIELD, J., concur.