**VIRGINIA LAY LAWN SERVICE,**
Petitioner,

v.

**Donald CAIN and the Workers'**
**Compensation Court,**
**Respondents.**

No. 82298.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 18, 1994.

---

4. *See,* Okl. Const., Art. IX, § 20; 52 O.S. § 111.

5. 52 O.S. § 87.1(d).

Robert P. Fitz–Patrick, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, for petitioner.

Howard S. Miller, Tulsa, for respondent.

*OPINION*

BAILEY, Judge:

Virginia Lay Lawn Service (Employer) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the Trial Court's award of benefits to Donald Cain (Claimant). In this appeal, Employer maintains the Workers' Compensation Court lacked jurisdiction over the matter under statute exempting "horticultural"

1. 85 O.S.1991 § 2.1(3).

2. *See, e.g., Boehm v. Burleigh County,* 130 N.W.2d 170, 175 (N.D.1964); *Guerrero v. U.S. Fidelity & Guaranty Co.,* 128 Tex. 407, 98 S.W.2d 796, 798 (1936); *State ex rel. Boynton v. Wheat Farming Co.,* 137 Kan. 697, 22 P.2d 1093, 1098

employees from workers' compensation coverage.[1]

As Employer's name indicates, Employer operates a lawn service. Employer's services included mowing lawns, planting grass seed or sod when and where needed, fertilizing, picking up trash, removing rock, and replacing dead bushes. Employer did not maintain a greenhouse but, rather, purchased grass seed, sod, and bushes when needed.

In the fall of 1992, Claimant injured his back while carrying a trash barrel of rocks in the course of his employment with Employer, and Claimant initiated the instant action claiming compensable injury. Employer objected, asserting Claimant's exemption from workers' compensation coverage under 85 O.S.1991 § 2.1(3) as a person employed in "horticulture." The Trial Court found the exemption inapplicable and awarded Claimant benefits. Employer appealed to a three-judge panel, which affirmed the Trial Court's order. Employer appeals.

The "horticultural" exemption, codified at § 2.1(3) of title 85, provides in pertinent part:

... The Workers' Compensation Act shall not apply to the following employees:

. . . . .

3. Any person who is employed in agriculture or horticulture by an employer who had a gross annual payroll in the preceding calendar year of less than One Hundred Thousand Dollars ($100,000.00) cash wages for agricultural or horticultural workers.

The term "horticulture" as used in § 2.1(3) is not defined in the Workers' Compensation Act. Other jurisdictions have generally and consistently defined "horticulture" as the science or art of cultivating fruits, vegetables, flowers and plants, as in the cultivation of a garden.[2]

(1933); *Orendorf v. H. Weber & Sons Co.,* 216 Md. 423, 140 A.2d 641, 642 (1958); *State v. Wertheimer Bag Co.,* 253 Ala. 124, 43 So.2d 824, 830 (1949); *St. Louis Rose Co. v. Unemployment Compensation Commission,* 348 Mo. 1153, 159 S.W.2d 249 (1941); *Hagenburger v. City of Los Angeles,* 51 Cal.App.2d 161, 124 P.2d 345 (1942);

Although we find no Oklahoma authority directly on-point, this Court was faced with an analogous situation in *Sport O'Kings v. Thomas.*[3] There, an employee of a stable caring for thoroughbred racing horses suffered a back injury while lifting a bag of feed and sought workers' compensation benefits therefor. The Court found the employee not exempt under § 2.1(3), holding:

> Although the term "agriculture" may include the rearing of livestock, it should not be interpreted to include the raising of all so-called "domestic" animals, regardless of the nature of the business.

*Sport O'Kings,* 797 P.2d at 1018.

As we read *Sport O'Kings,* if a claimant's employment has a commercial character entirely separate and apart from a horticultural purpose, the employment is not horticultural.[4]

In the present case, the record reflects Employer and Claimant engaged in some activities which could be included in a broad definition of "horticulture" such as seeding lawns or replacing bushes. However, we find competent evidence in the record to support a finding that the nature of Employ-er's business was in fact a commercial enterprise for the purpose of lawn care. Under these specific facts and circumstances, we hold the term "horticulture" as used in § 2.1(3) does not include Employer's lawn care services and/or Claimant's lawn care duties within the provision exempting "horticultural" employments from coverage under the Oklahoma Workers' Compensation Act.

The order of the three-judge panel of the Workers' Compensation Court is therefore SUSTAINED.

HUNTER, P.J., and GARRETT, V.C.J., concur.

---

*The American Heritage Dictionary* (2nd College Ed.1985).

**3.** 797 P.2d 1016 (Okl.App.1990).

**4.** *Cf., Whitworth v. Melvin West/West Dairy,* 798 P.2d 228 (Okl.App.1990) (applicability of § 2.1(3) "agricultural" exemption determined by examination of nature of "farm" activities to determine whether a particular injury falls within or without the "agricultural" exclusion).